HENRY T. BARTLETT *et al.*, Respondents, v. STEAMBOAT PHILADELPHIA, Appellant.

*Carriers.*—The undertaking of a common carrier to transport goods to a particular destination necessarily includes the duty to deliver them in safety. The delivery must be made or tendered in proper time and manner and at a proper place, and *prima facie* to the consignee personally.

*Appeal from St. Louis Court of Common Pleas.*

The facts are stated in the opinion.

*P. E. Burke,* for appellant.

I. The appellant fulfilled the contract by delivering the goods at the place to which they were consigned, in good order, and at a seasonable hour, according to the usual custom of delivery of goods, at the port to which they were consigned. (Fletcher v. Marine Ins. Co., 18 Mo. 199; 2 Arnold, Ins., 779.)

II. The goods were not consigned to any incorporated town, and the act of 1855 concerning the delivery of goods by steamboats does not apply to this case.

III. It was the duty of the respondents to have had some one at the landing to which the goods were consigned to receive the goods when delivered by the boat.

IV. The goods were put off at the proper landing, in good condition, in due time, and in the same manner as other goods belonging to Fleischman, who paid the freight on those goods and claimed to be the owner of them. Notice of delivery was given to the person who kept the landing.

V. On the Western waters, the custom of steamboatmen determines the sufficiency of the delivery. It was shown to be custom to deliver the goods at the landing to which they are consigned, in good order, and to notify the person who keeps the landing of their delivery. This was done.

*Knox & Kellogg,* for respondents.

I. There was no valid delivery, so as to discharge the carrier. (Angell on Car., § 301–2, 315, 325.)

II. The property, if delivered at all, was delivered to no person authorized to receive it. (Angell on Car., § 323, 325.)

BATES, Judge, delivered the opinion of the court.

The plaintiffs shipped, at St. Louis, on the steamboat Philadelphia, ten bales of gunnies, to be delivered at Price's Landing, on the Mississippi river. No bill of lading was taken,

nor any consignee or agent at Price's Landing named in the contract.

The plaintiffs sue the boat for not delivering the gunnies to them at Price's Landing. It appeared that the freight was paid by a passenger on the boat, who had also freight of his own on the boat consigned to the same place. When the boat arrived at Price's Landing, the gunnies were put out on the bank, and the clerk of the boat asked Mr. Price (who had a warehouse there) if he would put them under the shed, who refused to do it.

The voyages of the boat were from St. Louis to Memphis and back. There was some evidence that the persons entitled to the gunnies did get them. The court gave the following instructions :

1. Unless the jury find from the evidence that the defendant delivered the freight, shipped by the plaintiffs at Price's Landing, to the plaintiffs, or some person or agent authorized to receive the same, they will find for the plaintiff the value of said freight.

2. The mere putting of freight on shore at the place to which the same was shipped, does not constitute a delivery. To constitute a delivery of the freight in question, it must have been delivered by the defendant to the charge of some person or agent at Price's Landing authorized to receive the same.

3. It was the duty of the defendant to deliver the freight in question to the plaintiffs or their agent at the place to which the same was shipped; and in case that neither the plaintiffs nor their agent could be found at the place, then it was the duty of the defendant either to store the freight or return the same.

The court refused to give the following instructions asked by defendant :

1. If the court find from the evidence that the defendant delivered the bags, shipped by the plaintiff at Price's Landing, in reasonable time, and in good order as shipped, then plaintiffs are not entitled to recover.

2. If the court find from the evidence that the defendant delivered the gunny bags at Price's Landing, in suitable weather, to the warehouseman there, then the plaintiffs are not entitled to recover.

The undertaking of a common carrier to transport goods to a particular destination necessarily includes the duty to *deliver* them in safety. The delivery must be made or tendered in proper time and manner, and at a proper place, and *prima facie* to the consignee personally. But, at least with carriers by water, the manner of delivering the goods depends much upon the custom of particular places and the usage of particular trades. In this case, there is no custom or usage proved; and, whilst I am not satisfied with the verdict, there is no such error apparent in the record as will authorize a reversal of the judgment.

Judgment affirmed. Judges Bay and Dryden concur.