THE STATE v. FRITTERER, APPELLANT.

1. **Criminal Practice**: BILL OF EXCEPTIONS: EVIDENCE. The Supreme Court will not inquire, whether the verdict in a criminal case is against the evidence, unless the whole of the evidence is preserved in the bill of exceptions. It is not sufficient that its substance is stated.

2. ——: NEWLY DISCOVERED EVIDENCE: MOTION FOR NEW TRIAL. A motion for a new trial in criminal cases, on the ground of newly discovered evidence, should be supported by affidavit, and should show what the evidence is, that it is material, and what efforts had been made to discover it in time.

3. ——: MURDER: INSTRUCTIONS. On appeal from a conviction of murder in the second degree, the Supreme Court will not inquire, whether instructions given to the jury by the trial court, on the subject of murder in the first degree, are correct.

*Error to Phelps Circuit Court.* — HON. V. B. HILL, Judge.

The following are among the instructions given by the court at the trial:

3. The court further instructs the jury that malice in the legal sense means a wrongful act done intentionally without legal cause or excuse, which malice is evidenced by antecedent menaces and preconcerted schemes to do the deceased some bodily harm; and if you find from the evidence that defendant struck deceased and wounded him, as alleged in the indictment, with an axe or other instrument, as charged, likely to produce death or great bodily harm, the law presumes that defendant struck and wounded him in malice.

5. The court instructs the jury that if they believe from the evidence in this cause that defendant killed Martin Haverty intentionally, but such killing was done without premeditation and not done in the commission or attempt to commit a felony by deceased, and was not justifiable or excusable, they will find defendant guilty of murder in the second degree, and assess his punishment at imprisonment in the penitentiary for a term not less than ten years.

*J. L. Smith*, Attorney General, for the State, cited: *State v. Lane*, 64 Mo. 319; *State v. Underwood*, 57 Mo. 40; *State v. Hudson*, 59 Mo. 135.

NORTON, J.—The defendant was indicted at the August term, 1876, of the Phelps County Circuit Court, for murder in the first degree, in killing one Martin Haverty. He was duly arraigned and put upon his trial at the November special term, 1876, of said court, which resulted in his conviction for murder in the second degree. A motion for new trial having been made and overruled, the cause is brought here for review on appeal. We are left to an examination of this case without the aid of any brief on the part of defendant's counsel, and find upon examination of the record, that the grounds alleged in the motion for new trial are : *First*, because the court failed to insert " malice aforethought" in the instructions; *secondly*, because the verdict is contrary to the evidence, and because the jury disregarded the instructions given by the court for defendant; *thirdly*, because defendant was taken by surprise, and had discovered new testimony since the commencement of the trial, but too late to avail himself of it on the trial.

The word malice having been fully and correctly defined in the third instruction given by the court, the first error assigned has no standing.

The second ground of error assigned that the verdict was against the evidence, cannot be inquired into here, because the evidence offered on the trial is not presented in the bill of exceptions, the record only stating what the evidence offered tended to prove, without stating, what the evidence was. When a review is sought in this court in a criminal case on the ground that the evidence does not support the verdict, the whole evidence must be preserved, so as to enable the court to act understandingly. The statement in the bill of exceptions is that the evidence tended to prove that the deceased came to his death by

means of blows inflicted with a sharp instrument, upon the front, side and back of the head; that he was found on the railroad track, about one hundred yards from de fendant's house; that from where deceased was found, traces of something having been recently dragged along on the ground and traces of blood were found on the bushes, leaves and grass, and these were traced nearly to defendant's house; that in one room of defendant's house blood spots were found on the next day after the discovery of the body, and also on the gate post at the rear of the house blood spots were found and other evidence tending to show that defendant's house was the scene of the homicide. The above recital of a part of the statements made in the bill of exceptions conclusively shows that we cannot look into the evidence to determine the question whether it supported the verdict or not, for the reason that it purports only to give the substance and not the evidence itself.

The last ground of error that the defendant was taken by surprise and had discovered new evidence after the commencement of the trial, is not supported by affidavit, and is further insufficient in not stating that the evidence was material, and in not stating what it was, or that he had used any diligence in regard to this ascertainment.

The record shows that exceptions were taken to the instructions given on behalf of the State. We deem it unnecessary to review the instructions relating to murder in the first degree, inasmuch as the defendant was found guilty of murder in the second degree. It operated as an acquittal of murder in the first degree, and defendant has not been, in any view that can be taken of it, injured or prejudiced by any supposed error in the instructions, defining that offense. If, therefore, the instruction which was given in regard to murder in the second degree, properly defined that offense, the judgment ought not to be disturbed, simply because of an error in an instruction defining murder in the first degree. *State v. Underwood*, 57 Mo. 40. The

instruction relating to murder in the second degree properly defined that offense. The jury were told that if defendant killed deceased intentionally, without premeditation (which had in a previous instruction been defined), and the killing was not done while deceased was attempting to commit a felony, and was not excusable or justifiable, that it was murder in the second degree. *State v. Foster*, 61 Mo. 549; *State v. Lane*, 64 Mo. 319. Perceiving no error in the action of the trial court, the judgment is affirmed. The other judges concurring.

AFFIRMED.