THE STATE v. KELLY, *Appellant*.

1.  **Criminal Law** : PRACTICE : INSTRUCTIONS. Upon appeal from a conviction of murder in the second degree an error in an instruction for murder in the first degree is immaterial, and such instruction will not be reviewed by the Supreme Court.

2.  ———: INSTRUCTIONS. It is not error to refuse an instruction embodied in others given.

*Appeal from Crawford Circuit Court.*—HON. V. B. HILL, Judge.

AFFIRMED.

*J. R. Webb* and *M. G. Clark* for appellant.

*D. H. McIntyre*, Attorney General, for the state.

NORTON, J.—The defendant was indicted in the circuit court of Crawford county at its March term, 1880, for murder in the first degree for killing his wife, Sarah Kelly, on the 14th day of September, 1877. He was put upon his trial at the September term, 1880, and was convicted of murder in the second degree, and his punishment assessed at thirty-one years imprisonment in the

penitentiary.   He has appealed to this court, and assigns for error the action of the court in giving and refusing instructions.

The instructions given on behalf of the state were all excepted to, but no specific objections to them have been pointed out, and we may say of them that all that were given find support in various decisions of this court, except so much of the eighth instruction which defines deliberation to mean, in a cool state of the blood, but inasmuch as defendant was only convicted of murder in the second degree, this error was immaterial under the ruling of this court in the case of *State v. Fritterer*, 65 Mo. 422.    All the instructions asked by the defendant were given except the second, which was to the effect that unless the blows inflicted on the deceased were given for the purpose, and with the intention of taking the life of the deceased, the jury could not find defendant guilty of murder in either degree.   Conceding for the purposes of this case that this instruction contained a correct declaration of law, its refusal may be justified on the ground that the instructions given for the state told the jury that an intention to kill was a necessary element to be found before defendant could be convicted of murder in either degree, and on the further ground that the court, in the first instruction given on behalf of defendant, told the jury that if they believed defendant inflicted the blows upon the head of Sarah Kelly with a stick which was a dangerous weapon, and that such blows caused her death, and that they were inflicted while the defendant was in a heat of passion, without a design to effect death, that they could not find defendant guilty of a greater offence than manslaughter in the third degree.

The evidence tended to show that defendant, without any provocation, on Friday evening, September 14, 1877, knocked his wife, the deceased, down with his fist, dragged her by her hair on the floor, and then, with a stick about two feet long, struck her on the head and various parts of the body; that the next morning about

ten o'clock, she became speechless, and died on the following Monday night from inflammation or concussion of the brain, superinduced by the blows on her head. Defendant, though present when she died, did not attend her burial, and thereafter fled the country.

We find nothing in the record to justify us in' disturbing the judgment, and, therefore, affirm it. All concur, except Henry, C. J., absent.