## THE STATE v. CLARKSON, *Appellant.*

1. **Practice:** BILL OF EXCEPTIONS : EVIDENCE: VERDICT. Unless the whole of the evidence is preserved in the bill of exceptions, the appellate court will not enquire whether the verdict is against the evidence.

2. ————: OBJECTION: EXCLUSION OF EVIDENCE. The court need not wait for an objection to be made to improper testimony in order to exclude it from the jury ; nor is it error in such case to give a legal and proper reason for its exclusion.

3. ————: CRIMINAL LAW: VERDICT. "Assault to kill" means "assault with intent to kill," and· in a prosecution for an assault with intent to kill, a verdict finding "the defendant guilty of assault to kill" is not objectionable.

*Appeal from St. Louis Criminal Court.*—HON. J. C. NORMILE, Judge.

AFFIRMED.

*J. D. Storts* for appellant.

*B. G. Boone,* Attorney General, for the State.

The statements made by Carroll, the prosecuting witness, to one Herbert as to how he (Carroll) held a pistol when he took it from defendant, was not proper evidence to impeach Carroll, and was properly excluded by the court. It is the duty of the trial court to see that the evidence is admissible, whether objections are made or not. It is discretionary whether the evidence is reviewed at all in this court, as there is no pretense that it is preserved in full. *State v. Fritterer,* 65 Mo. 422.

BRACE, J.—The defendant was indicted and convicted in the criminal court of St. Louis of an assault with intent to kill and sentenced to six months' imprisonment in jail. The indictment is in good form. The evidence is not all preserved in the bill of exceptions, which states that the evidence for the state tended to prove the defendant guilty as charged, and then sets out enough to show such to be the fact. The evidence for the defendant tended to show that the prosecuting witness first assaulted him, and that he shot in self-defense. "Unless the whole of the evidence is preserved in the bill of exceptions, the supreme court will not inquire

whether the verdict is against the evidence." *State v. Fritterer*, 65 Mo. 422.

The only exception saved to the admission of evidence is to the action of the court in ruling out, on an attempted impeachment of the evidence of the prosecuting witness, a statement alleged to have been made by him to another witness soon after the occurrence, as to the manner in which he held the pistol after the shooting and after he had taken it from the defendant. The statement proposed to be shown is not set out in the bill, nor from the evidence it contains can it be seen that any material evidence on that subject was given by the prosecuting witness, or that any error was committed by the court in the ruling. There is nothing in the exception that it was made without an objection having been interposed by the prosecuting attorney. The judge need not wait for an objection to be made, in order to exclude improper testimony from the jury, nor is it error for him to give a legal and proper reason for its exclusion, as was given in this case.

The instructions given properly presented the law of the case to the jury. The sufficiency of their verdict is questioned. It is as follows: "We, the jury in the above-entitled cause, find the defendant guilty of *assault to kill*, without malice aforethought, and assess his punishment at six months in the city jail." *An assault to kill* means *an assault with intent to kill*. It is but a different form of expression for the same meaning, as clear and unmistakable in the one form as in the other. The verdict is good. No abstract, brief or statement has been filed in this case; what has been said disposes of all the questions raised on the record, by the motion for a new trial and in arrest, and finding no error, the judgment is affirmed. All concur, except RAY, J., absent.