THE STATE ex rel. GUINAN v. JARROTT, Judge.

**In Banc, June 22, 1904.**

1. **BILL OF EXCEPTIONS: Equity Case: Finding of Facts.** The bill of exceptions in an equity case must contain all the evidence, and unless it does the chancellor is not required to sign it or permit it to be filed. A bill which contains only the chancellor's finding of facts is not sufficient, even though appellant may only wish to have his conclusions of law reviewed. The reason is, that, in equity cases, the appellate court reviews the testimony, and renders such judgment as, from all the evidence offered, the chancellor should have rendered, and in doing that, it is not bound by any ultimate finding of facts he may have made, nor by his conclusions of law therefrom, nor by his rulings on the admission or exclusion of evidence tendered.

2. ———: ———: ———: **Agreed Statement: Modification of Judgment.** Where the court makes a separate finding of facts and renders judgment, to which both parties file exceptions by motions for new trial, and thereupon the court modifies its judgment as to defendant but permits it to stand as to plaintiff, it can not be said that the court and defendant are bound by the finding of facts or that no exception was taken by either party as to such finding of facts; and hence, such finding can not be taken as a special verdict.

Mandamus.

WRIT DENIED.

*William C. Forsee* and *Samuel P. Forsee* for relator.

(1) The peremptory writ should issue. (a) Respondent was required to sign the bill, if true. If refused because untrue, he was required to "certify thereon the cause of such refusal." R. S. 1899, secs. 727, 729; State ex rel. v. Field, 37 Mo. App. 95. He did neither. He declined to sign it upon the ground, as he stated, that "the defendants object to the bill because it does not contain any of the evidence detailed at the trial." He did not then and does not now deny that it contained both findings of fact made by him, and that every recital contained in it was and is true. The bill being thus admittedly true, and seasonably presented, the duty to sign it was a merely ministerial one controllable by mandamus. State v. Logan, 125 Mo. 26; Garth v. Caldwell, 72 Mo. 631; Hall v. County Court, 27 Mo. 331; State v. County Court, 41 Mo. 224; State ex rel. v. Field, 37 Mo. App. 95; Collins v. Christian, 92 Va. 731; People v. Pearson, 3 Scam. 270; People v. Hawes, 25 Ill. App. 326; People v. Hawes, 30 Ill. App. 94; Ex parte Crane, 5 Peters 189; Delenan v. Brandman, 5 Wend. 132; Davis v. Menesha, 20 Wis. 205; State v. Hall, 3 Coldw. 255; Ethridge v. Hall, 7 Porter 47; People v. Van Tassel, 13 Utah 9; State v. Barnes, 16 Neb. 37; High, Ex. Leg. Rem., secs. 201, 532; 534; Crane v. Judge, 24 Mich. 513; People v. Taylor, 1 App. Pr. (N. S.) 200. (b) Respondent's action in refusing either to sign the bill or to "certify thereon the cause of his refusal," prevented relator from having it signed by bystanders, assuming that the provision concerning bystanders applied. It is only where the judge denies the truth of the bill, and "certifies thereon" in what par-

ticular he deems it untrue, that the signing by bystand-
ers is permissible. R. S. 1899, sec. 733; State ex rel. v.
Field, 37 Mo. App. 95. (c) Respondent's return is in-
sufficient. It does not deny, even generally, a single
averment made by relator. It sets out no state of facts
to excuse his failure to sign the bill. It is equivocal,
evasive, argumentative and frivolous. State ex rel. v.
Allison, 155 Mo. 325; State ex rel. v. Trammel, 106 Mo.
510; State ex rel. v. Adams, 161 Mo. 349; Williams v.
New Haven, 68 Conn. 263; Harris v. State, 96 Tenn.
496. "Every distinct and material allegation in the
writ, if intended to be controverted, must be denied,
and the traverse must be single, direct and certain."
State ex rel. v. Williams, 96 Mo. 18; State ex rel. v.
Allison, supra; Haward v. Marshall, 10 Md. 451; Com.
v. Commissioners, 37 Pa. St. 237. Respondent's con-
clusions, arguments and deductions are not admitted by
relator's motion for peremptory writ. The motion con-
tains nothing else. State ex rel. v. Adams, supra; State
ex rel. v. Smith, 104 Mo. 661; State ex rel. v. Neville,
110 Mo. 345. (d) As the bill tendered respondent is
admittedly a true one, and his duty to sign it merely
a ministerial one, relator is entitled to a peremptory
writ commanding him to sign the bill tendered. Crane
v. Judge, 24 Mich. 513; State ex rel. v. Hawes, 43 Ohio
St. 17; People v. Pearson, 2 Scam. 189; Springer v.
Peterson, 1 Blackf. 188; Douglass v. Loomis, 5 W. Va.
542; City v. Ballard, 126 Cal. 677; Swartz v. Nash, 45
Kan. 341; 2 Snelling, Ex. Leg. Rem., sec. 1412; Page v.
Clopton, 30 Gratt. 415. (2) (a) Special findings were
provided for by the act of 1849; the act was repealed
by the revision of 1855, and substantially re-enacted in
1889. Code, 1849, art. 15, sec. 2; R. S. 1899, sec. 695.
(b) It was invariably held, under the first statute, that
where the court failed, for whatever cause, to specially
find the facts, a reversal was required, and this without
any further inspection of or comment upon the record.
Bates v. Bower, 17 Mo. 550; Davidson v. Rozier, 20

Mo. 132; Whyte v. Bennett's Admr., 20 Mo. 262; Allison v. Danton, 24 Mo. 346; Marmaduke v. McMasters, 24 Mo. 52; Ray v. Toney, 24 Mo. 602; Ragan v. McCoy, 26 Mo. 166; Foster v. Rucker, 26 Mo. 494; Parsons v. Curry, 26 Mo. 189; Bailey v. Wilson, 29 Mo. 22. (c) The purpose of the statute was "manifestly to enable parties to make a case for the revision of this court, in which the facts and law would separately appear, without requiring instructions and bill of exceptions." Bailey v. Wilson, 29 Mo. 22; Farrar v. Lyon, 19 Mo. 124; Nichols v. Carter, 49 Mo. App. 405. (d) The effect of a special finding of facts was that it stood as a substitute for a special verdict or agreed facts. It was so held under both statutes. Bates v. Bower, 17 Mo. 553; Farrar v. Lyon, 19 Mo. 123; Land Co. v. Bretz, 125 Mo. 418; Blount v. Spratt, 113 Mo. 56; Nichols v. Carter, 49 Mo. App. 404. (e) The scope of both statutes was and is broad enough to cover every "trial of a question of fact by the court," whether at law or in equity. In 1856 this court reversed and remanded an equity case for want of a special finding. Marmaduke v. McMasters, 24 Mo. 52. And the present statute is constantly applied to equity cases. Blount v. Spratt, 113 Mo. 48; Kastuba v. Miller, 137 Mo. 173; Fitzpatrick v. Waller, 68 S. W. 915. (f) The act of 1849 in terms required that the special finding should be filed—when filed it became a part of the record proper, and was, of course, reviewable without any bill of exceptions preserving the testimony. Sutter v. Streit, 21 Mo. 160; Ragan v. McCoy, 26 Mo. 166; Bailey v. Wilson, 29 Mo. 22. Although the present statute does not in terms require such filing, such was no doubt its intent, and so it has been ruled. It is also consistently held that it must be filed prior to or at the time of the judgment, so that the aggrieved party may complain of it in his motion for new trial or in arrest. Hamilton v. Armstrong, 120 Mo. 597; Bennett Imp. Co. v. Carr, 75 S. W. 328; Freeman v. Hemenway, 75 Mo. App. 621. Where the

special finding is embodied in the judgment it is held, under the present statute, that it becomes part of the record proper. Blount v. Spratt, 113 Mo. 48; Land Co. v. Bretz, 125 Mo. 423. (g) The practice under the act of 1849, where a review of the case was sought, was well settled. If the losing party was satisfied with the facts as found, but denied the correctness of the judgment based upon them, this court, assuming that the facts so specially stated were correct deductions from the detailed evidence, inquired into the correctness of the judgment as applied to those facts. No preservation of the detailed testimony was needed, because the special finding stood in lieu of the testimony. It was, *pro hac vice,* the testimony. But if the complaining party denied the correctness of the finding of facts, then of course the appellate court could not determine such contention unless the detailed evidence was preserved. Hayes v. Hayes, Admr., 26 Mo. 123; Bates v. Bower, 17 Mo. 553; Maguire v. McCaffrey, 24 Mo. 552; Nichols v. Carter, 49 Mo. App. 405; Freeman v. Hemenway, 75 Mo. App. 621. (h) Under either statute, and whether the appellant did or did not complain of the special finding of fact, and whether the testimony was or was not preserved by bill of exceptions, the appellate court will always examine the special finding, or agreed case, or referee's report, if seasonably made, for the purpose of determining whether or not the judgment is warranted by it, and will affirm or reverse as the situation demands. City v. Jordan, 145 Mo. 382; Land Co. v. Bretz, 125 Mo. 423; Blount v. Spratt, 113 Mo. 48; Sutter v. Rader, 149 Mo. 297; Nelson v. Withrow, 14 Mo. App. 270; Land Co. v. Ladd, 77 S. W. 324; Tufts v. Latshaw, 172 Mo. 372; Bank v. McMullen, 85 Mo. App. 142; Brown v. Appleman, 83 Mo. App. 79; State ex rel. v. Jones, 155 Mo. 570. (i) Independent of the statute concerning special findings and in the absence of a special finding, or special verdict, or agreed case, or referee's report, a bill of exceptions need only contain so much of the evidence as

serves to exhibit the point complained of.    But, if the
complaint is that the facts are incorrectly found, then,
of course, the bill must preserve all the evidence.   This
is true in equity cases as well as cases at law, as shown
by the first case herein below cited.   Many of the au-
thorities hold that where the evidence is unnecessarily
preserved and the record thus encumbered, the offend-
ing party, although he secures a reversal, will be taxed
the costs.   Holloway v. Holloway, 103 Mo. 285; The
Barge Resort v. Brook, 10 Mo. 533; Wallace v. Boston,
10 Mo. 663; Boot Lehigh v. Knox, 12 Mo. 510; Stark v.
Hill, 31 Mo. App. 109; Armstrong v. Baker, 11 Wheat.
277; Green v. Collins, 6 Iredell 139; Harper v. Minor,
27 Cal. 111; Kimball v. Semple, 31 Cal. 657; Lincoln v.
Chaflin, 7 Wall. 132; 3 Ency. Plead. and Pr., pp. 416,
421; Railroad v. Stewart, 95 U. S. 279; Chambers v.
Fisk, 22 Tex. 504; Smith v. Smith, 30 Ala. 642; Tyree
v. Parkham, 66 Ala. 424; Sewell v. Henry, 6 Ala. 226;
Ins. Co. v. Horton, 28 Mich. 173; Ex parte Jones, 8 Cow.
123; Van Dusen v. Pomeroy, 24 Ill. 289; Railroad v.
Jones, 20 Ill. 221; Knowlton v. Culver, 2 Pinney (Wis.)
243; Brewer v. Strange Exrs., 10 Ala. 961; Forsyth v.
Mathews, 14 Pa. St. 100; Huffman v. Hewlitt, 11 Lea
594.

*E. P. Garnett* for respondent.

GANTT, J.—This is an original proceeding in this
court to obtain a peremptory writ of mandamus to
Judge William L. Jarrott, the judge of the Seventeenth
Judicial District of this State, directing and command-
ing him to sign a bill of exceptions tendered him by
the relator, the plaintiff and appellant in the cause of
Peter Guinan v. M. S. C. Donnell and Catherine E. and
James L. Donnell, wherein a judgment was rendered
by the circuit court of Johnson county whereof the re-
spondent was and still is judge.

The alternative writ recites that in 1896 M. S. C. Donnell was the owner of certain lands in Jackson county, Missouri, and on that date conveyed the same by two deeds by him executed and delivered to his son James L. Donnell; that in February, 1892, said M. S. C. Donnell made his promissory note for $5,000 to Anna B. Wagner for borrowed money due five years thereafter; that upon default in the payment of said note Anna B. Wagner sued said Donnell on said note and on November 9, 1899, obtained in the circuit court of Clay county a general judgment against said M. S. C. Donnell for $2,357.75, the balance due on said note; that in March, 1900, said Wagner assigned said judgment to Peter Guinan, the relator herein, who in the same year levied upon and sold as the property of M. S. C. Donnell the above-mentioned real estate which he had conveyed to his son, and at the sheriff's sale, relator, Peter Guinan, purchased said lands at the price of $1,085 and obtained a sheriff's deed therefor; that he at once commenced a suit in equity against said M. S. C. Donnell and others interested in said lands to set aside said deeds from M. S. C. Donnell to his son, on the ground that they were fraudulent and made to hinder and delay the creditors of said M. S. C. Donnell; that a change of venue was awarded from Jackson county to Johnson county, and said cause was tried in the Johnson circuit court before Judge Jarrott at the February term, 1903; that at the commencement of the trial the relator requested Judge Jarrott to state his conclusions of fact separately from his conclusions of law, and on April 25, 1903, Judge Jarrott, at the termination of the trial, filed written conclusions of facts found by him, and found as a conclusion of law, that the said Donnells were entitled upon their cross-bill to a judgment setting aside relator's sheriff's deed upon the payment by said Donnells to relator the $1,085 by him paid for said land and interest thereon from the date of his purchase; that on the same day relator excepted to each and every one

of the said findings of fact and conclusions of law, and on the same day filed his motions for new trial and in arrest of judgment, and on the same day the said defendants in said suit filed their motions for a new trial and in arrest of judgment; that said motions were heard and by Judge Jarrott taken under advisement until June 27, 1903, at the June term, 1903, of said circuit court, when upon said date, the court overruled each of relator's motions, to which relator duly excepted at the time; that on the same day the judge sustained the motion of the Donnells for a new trial and to modify its judgment, to which relator excepted; that by its order sustaining the motion for new trial of the said Donnells the court modified, amended and altered its judgment by striking out the part thereof which required said Donnells to pay relator Guinan $1,085 and interest from the date of his purchase of said lands; that to such modification relator duly excepted at the time; that at said June term relator filed his application and affidavit for an appeal to this court and said appeal was granted; that at the same time leave was given relator until January, 1904, to file a bill of exceptions; that on December 22, 1903, this time was extended until March, 1904; that on September 25, 1903, relator filed in the office of the clerk of this court certified copy of the judgment and order allowing an appeal and paid the docket fee; that afterwards and within the time allowed relator prepared and tendered to Judge Jarrott, as judge of said Johnson county court, a bill of exceptions which contained the following matters, to-wit: The conclusions or findings of facts specially made and filed by him as such judge, and his conclusions of law thereon upon which the original judgment was rendered, with relator's exceptions thereto at the time taken as aforesaid; the motion for new trial and the motion in arrest of judgment filed by relator on the day on which said special findings and conclusions were filed; the motion for new trial and to modify judgment and the motion in

arrest filed by said Donnells on the same day; the sub-
sequent order of the court overruling relator's two said
motions, sustaining defendants' said motion for new
trial and to modify, and amending, modifying or alter-
ing said original judgment, together with relator's ex-
ceptions to the overruling of. each of his said motions,
to the sustaining of defendants' said motion, and to the
attempted modification, amendment or alteration of said
first judgment.

That Judge Jarrott advised counsel for relator that
the defendants  objected to said bill of exceptions be-
cause it contained none of the evidence or testimony
detailed on the trial and for that reason he must decline
to sign and approve the same; that relator did not in-
clude any of the testimony taken on the trial, for the
reason that he is entitled, if he so elects, to stand and
rely in this court upon the facts specially found by
Judge Jarrott, and conceding said facts to be true for
the purposes of his appeal to challenge the correctness
and justice of the judgment of Judge Jarrott upon the
facts so found; that to preserve all the evidence would
cost relator a large sum of money and relator only seeks
to challenge the correctness of said judgment and the
action of the court on said motions and other actions
and rulings of the court on the pleadings; that in his
motion for a new trial he asked a new trial. 1. "Be-
cause the court erred in overruling plaintiff's motion
to strike out the joint answer of Catherine E. Donnell,
M. S. C. Donnell and James L. Donnell, and for judg-
ment in favor of plaintiff against said defendants upon
the pleadings. 5. Because the court erred in its con-
clusions of law upon the facts found. 6. Because upon
the facts found the court should have entered judgment
in favor of plaintiff upon the pleadings and against de-
fendants upon their cross-bill.

"That in and by his motion in arrest of judgment
so filed in said court relator prayed arrest of said judg-
ment:

"1. That because of the pleadings in the cause judgment should have been rendered for plaintiff and against defendants and each of them upon the alleged cross-bill filed by M. S. C. Donnell, Catherine E. Donnell and James L. Donnell.

"2. Because said alleged cross-bill does not state facts sufficient to constitute a cause of action or ground of relief as against plaintiff.

"3. Because the relief granted said defendants under said alleged cross-bill is unsupported by the averments thereof, and improper, erroneous and inequitable thereunder.

"4. Because upon the pleadings and evidence and the findings of fact the judgment should have been for plaintiff."

The alternative writ issued and commanded Judge Jarrott to allow and sign the bill if he found the recitals therein to be true or show cause why he should not do so.

In due time Judge Jarrott made his return which is as follows, omitting caption:

"Now at this day comes William L. Jarrott, judge of the Seventeenth Judicial District of the State of Missouri, the above-named defendant, and, for a return to the writ of mandamus heretofore issued in the above-entitled cause, says that plaintiff ought not to have his writ of peremptory mandamus for the reasons, that,

"First. The paper presented to this defendant for his approval and signature as a bill of exceptions was not and is not in any sense of the word a true bill of exceptions as appears upon the face of plaintiff's petition herein and the exhibits filed in connection therewith.

"Second. The paper presented by plaintiff and designated as a bill of exceptions did not contain and does not purport to contain any part of the evidence offered at the trial of the said cause of Guinan v. Donnell.

"Third. The said cause of Guinan v. Donnell was

a suit in equity and the judgment of the court therein and its findings of facts therein could not be intelligently reviewed by this court without a consideration of all the evidence offered therein. The rule of this court requires that a bill of exceptions in equity cases should contain the whole evidence to be embodied in the bill of exceptions before it is allowed and signed by the trial judge.

"Fourth. The paper presented as a bill of exceptions simply contained matters which were already of record. The special finding of facts was incorporated in the judgment of the decree of the court and as a part of the record in said cause and it was not necessary to have the same preserved in a bill of exceptions.

"Fifth. The paper presented to this defendant to be signed as a bill of exceptions contained nothing which indicated the action of the trial judge in the trial of said cause except such things as were already a matter of record, and while the paper purported to contain those matters of record it did not contain the whole record thereof. The special finding of facts was incorporated in the judgment and made thereby a part of the record, but the paper presented as a bill of exceptions did not contain the whole of the record made in connection with the finding of facts.

"Sixth. The evidence in the said cause of Guinan v. Donnell was voluminous, and the facts established by such evidence should be considered by this court in reviewing the finding, judgment and decree of the trial court in setting aside the sheriff's deed in question, and this defendant should not be compelled to sign a bill of exceptions in an equity case which does not contain the evidence upon which the decree is based.

"And the defendant having made full answer and return asks to be permitted to go hence with his cost."

And thereupon relator moved for judgment, notwithstanding the return, which said motion is in the words following:

"Now comes the relator and shows to the court

here that the return herein filed by the respondent is insufficient in law:

"1.   Because in language, substance and effect it is equivocal, evasive, argumentative and uncertain.

"2.   Because it neither denies the averments of the alternative writ nor sets or shows any reason why respondent did not and does not sign the bill of exceptions tendered him.

"3.   Because respondent was and is in duty bound to sign  said bill of exceptions or to show good cause why he did not and does not sign the same, and said return wholly fails to show any cause for such refusal.

"4.   Because respondent was in law required either to sign said bill of exceptions described in said alternative writ as having been tendered him, or to point out in explicit terms in what particular said bill of exceptions was such a bill as he ought not to be required to sign, all of which he fails to do.

"5.   Because respondent does not in and by said return deny any averment of relator's petition or of said alternative writ, or point out any averment therein as in any manner incorrect, or set out such a state of facts as show that any averment therein made is untrue.

"6.   Because upon the pleadings filed relator's cause of action stands confessed and he is entitled to his peremptory writ as prayed.

"Wherefore relator prays that judgment be rendered in his behalf upon the pleadings, and that a peremptory writ of mandamus issue to respondent as prayed."

I.

That mandamus may be resorted to when the circuit court improperly refuses to sign a bill of exceptions is well-settled law. [State ex rel. v. Field, 37 Mo. App. 83; High on Extraordinary Remedies, sec. 204.] Our statute provides (sec. 729, R. S. 1899), "If the

judge refuse to sign such bill on the ground that it is untrue, he shall certify thereon under his hand the cause of such refusal.'' Section 730 provides, ''If the judge refuse to sign any bill of exceptions, such bill may be signed by three bystanders who are respectable inhabitants of the State, and the court or judge in vacation shall permit every such bill, if the same be true, to be filed in court or in the clerk's office, if ordered to be filed in vacation, within the time specified in such order of the court.'' Section 733 provides: ''When the judge shall refuse to permit any bill of exceptions signed by the bystanders to be filed, and shall have certified that it is untrue, either party in the suit may take affidavits, not exceeding five in number, in relation to its truth.'' Such affidavits shall be deposited with the clerk within five days after the return of the bill so certified as untrue and on appeal or writ of error copies of the affidavit shall be annexed to and form part of the record. That the bill of exceptions in this case was timely presented there is no dispute; that it was not refused on the ground that it was untrue as far as it went is also admitted by Judge Jarrott in his return; the matters stated in the bill were not such as bystanders would be competent to pass upon, nor did the conditions precedent, to-wit, a certificate by the judge that the bill was untrue, exist, which authorized a signing by bystanders. All these considerations out of the way, the question presented is one of practical importance. It is this, can or ought this court require by its writ of mandamus a circuit judge to sign a bill of exceptions in an equity case which omits all the testimony upon which such judge has based his decree?

Ordinarily a party is at liberty to save just such exceptions as to him seem necessary, and unquestionably the courts approve the shortening of transcripts as far as practicable. Accordingly, when an appellant desires in a law case to test the correctness of an instruction, rule 6 of this court expressly permits him to

state generally that there was evidence tending to prove the particular fact or facts, and if the parties disagree as to what fact or facts the evidence tends to prove, then the evidence of the witnesses may be stated in a narrative form, avoiding repetition and omitting all immaterial matter, and our statute permitting the prosecution of appeals and writs of error by the filing of abstracts and counter abstracts was intended to abbreviate records on appeals. But even in an action at law, if the appellant seeks a reversal on the ground that there was no evidence to support the verdict, or that a demurrer to the evidence should have been sustained, *all* the evidence must appear in the bill.    [Knipper v. Bechtner, 32 Mo. 256; Routsong v. Railroad, 45 Mo. 236; State v. Clarkson, 96 Mo. 364.]

It often occurs that the only complaint is the admission or rejection of certain evidence; in such a case, it would be an unnecessary burden to require the whole evidence to be brought up; therefore, it is allowable to state in a general way that evidence was admitted pro and con tending to prove or disprove a certain issue and that the appellant offered certain evidence, which over his objection and exception was excluded; or his adversary offered and the court admitted certain evidence over his objection and exception, and then set out the admitted or excluded evidence with a statement of the tendency of the other evidence.    [Carter v. Holman, 60 Mo. 502.]

The reason underlying this practice is readily seen in our system of law which requires the court to defer to the finding of a jury when there is substantial evidence to support the verdict; and appellate courts are principally concerned in law cases in seeing that the jury was properly instructed and that only competent legal evidence was submitted to them.    But in equity cases appellate courts will review the testimony and are not bound by the findings of the chancellor, either as to ultimate facts or his conclusions of law, and, hence,

it has been uniformly ruled by this court in equity cases that the whole of the evidence must be brought up on appeal and a rule of this court to that effect has long been in force.

Indeed, this court has held in a number of cases that on an appeal in an equity case it would consider evidence which was improperly excluded by the trial court, or reject evidence improperly admitted, when preserved in the bill of exceptions, without reversing the judgment for that reason. [Barrett v. Davis, 104 Mo. 549; Hanna v. South St. Joseph Land Co., 126 Mo. 16; Goodrick v. Harrison, 130 Mo. 269; Davis v. Kline, 96 Mo. 401; Kleimann v. Gieselmann, 114 Mo. 437.]

The mandamus sought in this case is to require the judge of the circuit court to sign a bill of exceptions which contains none of the evidence, and this court, if it grants the writ, will have nothing before it but the record proper when the case is reached. The contention of the relator is that the evidence is unnecessary, because, he says, we would have the findings of the court as to the facts and law before us. If this is true, he does not need a bill of exceptions, and such a bill as he seeks to have signed would be entirely useless. It would avail him nothing. [Walker v. Stoddard Circuit Judge, 31 Mo. 123.]

But we do not agree with him. The opposite party has obtained rights by this decree. He has a right to have the whole evidence upon which his decree is based before this court before it is reversed. He may be able from that evidence to show that the circuit court's findings were erroneous, and the decree right notwithstanding such findings. Evidently he convinced the circuit court that the decree in the first instance was wrong, and thereby secured a modification of it. Without the whole evidence we can not determine whether the court was right in the first instance or right in modifying the decree. If we are to pass upon any matter which depends upon the findings and the testimony, clearly we

ought to have the whole of it before us, and the defendants in the circuit court and the circuit judge are right in insisting that appellant shall bring up the whole proceedings.

In Blount v. Spratt, 113 Mo. l. c. 54, this court, speaking of the statute providing that the trial court, if either party require it, shall state in writing its conclusions of facts found separately from the conclusions of law, said: ''We do not think it was the intention of the Legislature to abrogate the practice of this court so long followed of supervising the findings of the trial courts in equity cases. If the evidence was before us on proper exceptions, we could review it and determine for ourselves the correctness of the findings.'' And in the following cases it is ruled we are not bound by the findings of the circuit court: Lins v. Lenhardt, 127 Mo. 281; Dalrymple v. Craig, 149 Mo. 351; Courtney v. Blackwell, 150 Mo. 267, 268; Hoeller v. Haffner, 155 Mo. 597.

There are cases in which we have held that where there were separate findings of fact and law and no exception was taken by either party to such finding of facts, we would treat it as an agreed case or special verdict, but those decisions do not conflict with the rule above announced, that where there is a contest as to facts in an equity case, the court is not bound by the finding of the circuit court.

According to the averments of the alternative writ the defendants assailed the court's action by timely motions for new trial and in arrest, and the circuit court modified its judgment on the ground that he had omitted a finding which justified the modification. Now in this state of case is it to be held that the circuit court and the defendants are irrevocably bound by the finding of facts and that the circuit court could not modify its views and correct its own errors while it still had jurisdiction of the cause? We think not; neither do we think that in such a case the defendants are to be held as

consenting to the finding of facts, as in the first instance made by the court.

The modification was made before plaintiff's motions were determined and unquestionably he could then have amended his motion to include his exceptions to such ruling.

The question here is, shall the judge be required to sign a mere skeleton bill which will not show upon what facts he acted, or are the prevailing parties and the trial court entitled to have the proceedings reviewed from the same point of view that the circuit court occupied? Plaintiff says that notwithstanding the cross-bill he was entitled to a decree in his favor, but as the burden was on him to show the conveyance from M. S. C. Donnell was fraudulent, the evidence may show he failed in doing so; if that be true, he would not be entitled to recover whether the cross-bill stated a good defense or not.

In our opinion the peremptory writ ought not to be awarded; that relator ought to bring up the evidence and all the record if he desires to have the decree of the circuit court reviewed and the circuit court ought to extend the time sufficiently to permit him to do so.

Writ denied.

All concur.