R. F. MUGAN et al. v. NELLIE WHEELER et al.,
Appellants.

Division Two, March 21, 1912.

1. APPEAL: Assignment of Errors. If the alleged errors of the trial court are set out intelligently and in numerical order in appellant's brief, with the authorities in support of each proposition, Rule 15 of the court, requiring appellant to "separately allege the errors committed by the inferior court," has been sufficiently complied with.

2. ————: Abstract: Motion Called for in Bill: Printed in Record Proper. A motion for a new trial, which the bill of exceptions says was made a part thereof and which further says that the motion is not reprinted as a part of the bill since it is printed under abstract of record proper, if in fact it is so printed, will be considered on appeal. But such method of printing the motion is not approved. Its proper place is in the bill of exceptions.

3. ————: One Exception: Two Motions. Exceptions saved to one order overruling the motion for a new trial and the motion in arrest, preserve for review the action of the court upon both motions.

4. ————: Pleading: Departure: Abandoned Petition Not Preserved. Whether or not the amended petition was a departure from the original petition cannot be considered on appeal, unless the original petition is made a part of the record as a matter of exception.

5. TRUST ESTATE: Absolute Deed: Pleading: Proof. A petition alleging that the owner of land conveyed it in trust, to be held by the grantee for the grantor, and that thereafter, at the grantor's request, the said grantee conveyed it in trust to defendant to be held by her for the use of said grantor and his heirs, states a cause of action, without an allegation that such trust was evidenced by some writing. That it was not created by a writing is a matter of defense, or is to be raised by objection to the evidence offered to prove the trust.

6. ————: ————: Parol Proof. Deeds absolute and unconditional on their faces cannot be shown by oral evidence to be conveyances in trust. The statute requires an express trust to be evidenced by some writing—which may be either the conveyance itself, or a separate writing.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED.

*Delaney & Delaney* for appellants.

(1) On the evidence the judgment should be for the defendants. The evidence is entirely parol and a trust of the character declared upon cannot be so established. The admission of such evidence is in contravention of Statute of Frauds and of sec. 3416, R. S. 1899—now sec. 2868, R. S. 1909. There is no trust declared in the deeds nor in any other writing. Lane v. Eurig, 31 Mo. 75; Cornelius v. Smith, 55 Mo. 528; Mulock v. Mulock, 156 Mo. 431; Crawley v. Crafton, 193 Mo. 421; Hillman v. Allen, 145 Mo. 638; Church v. Albers, 174 Mo. 331. (2) There can be no recovery by plaintiffs except upon the theory of an express trust. There is no room for a resulting trust or for a constructive trust. The evidence excludes all presumptions and shows an attempt to prove an express trust. So also the amended petition is a statement of a cause of action bottomed on express trust. Green v. Cates, 73 Mo. 115; Heil v. Heil, 184 Mo. 665; Crawley v. Crafton, 193 Mo. 421. (3) A voluntary trust must be created by the donor himself; it cannot be created by the court. Four requisites must concur to create a voluntary trust: 1st, Sufficient words to create it; 2nd, A definite subject; 3rd, A definite object; 4th, The terms of the trust must be sufficiently declared, clearly, free from doubt, ambiguity and not left to conjecture. All of these elements are lacking in this case. In' re Soulard Estate, 141 Mo. 642.

*Hamlin & Seawall* for respondents.

(1) This cause having been submitted on a demurrer to the evidence, every intendment and presumption

is now in favor of the judgment, therefore, appellants' contention that the evidence was not sufficient to establish a resulting trust is not well taken. Where there is conflicting evidence, the court requires that the evidence to establish a resulting trust should be stronger than in a case where it is submitted on a demurrer to the evidence. (2) In determining whether this should be considered an express or resulting trust, as the case was submitted on a demurrer to the evidence, every intendment and presumption will be in favor of the idea of a resulting trust. If the appellant wishes to submit the case on the theory that every presumption is against him he cannot complain of that theory on appeal. (3) That this should be considered a resulting trust and that the judgment should be affirmed, we think it shown conclusively: Peacock v. Nelson, 50 Mo. 261; Baumgartner v. Guessfeld, 38 Mo. 37. It is undisputed that this property was paid for by all of these parties, and this case having been submitted on a demurrer to the evidence, that is a conclusive presumption. Shaw v. Shaw, 86 Mo. 598.

KENNISH, J.—This is an appeal from a judgment of the circuit court of Greene county in favor of plaintiffs. Defendants appeal. Plaintiffs and defendants are the children and heirs of Patrick Mugan, deceased.

It is alleged in the amended petition that Patrick Mugan died on the —day of November, 1905; that on the —day of —, 1893, he was the owner of the land in controversy, situated in said county and particularly described in the petition, being a tract of about six acres; that in the year 1893 the said Patrick Mugan conveyed said property to his daughter, Eliza Banfield, one of the plaintiffs herein, in trust, to be held by her for him, and that said Eliza Banfield, at her father's request, conveyed said property to her sister, Molly Mugan, one of the defendants, "to be held in trust by

the said Molly Mugan for the use and benefit of said Patrick Mugan and his heirs;" that plaintiffs have requested Molly Mugan to convey to them their interest in said property, but that she has refused so to do, etc. The prayer of the petition is that the court divest the said Molly Mugan of the title to said real estate, or decree that she holds the same in trust for each and all of the plaintiffs and defendants, and that the court order said real estate sold and the proceeds divided as each party's interest may appear, and for general relief.

I. Respondents raise two preliminary questions which require attention, before considering the errors assigned by the appellants.

(a) It is urged that the appeal should be dismissed for the reason that appellants have failed to comply with Rule 15 of this court, providing that appellant "shall separately allege the errors committed by the inferior court," etc. An examination of the appellants' brief has satisfied us that this objection is not well founded. The brief sets out the alleged errors of the trial court intelligently and in numerical order, with the authorities in support of each proposition, and that is all that is required. [Wallace v. Libby, 231 Mo. 341.]

(b) Respondents also contend that "the judgment should be affirmed because appellants have not incorporated their motions for a new trial in the bill of exceptions, as printed in the abstract of the record and filed in this court, nor the order of court, if any, filing and overruling same."

What purports to be the bill of exceptions in the printed abstract consists largely of a recital as to orders, motions and rulings, following which, instead of setting out such order, motion or ruling, there is a note referring to the abstract of the record proper where they may be found, and they do appear on the

page of the record proper as stated. As illustrating the condition of the record purporting to be the bill of exceptions, we shall set out only that part referring to the motions for a new trial. It is as follows: "Said motions for new trial and rehearing are in words as follows: (Note: Said motions for new trial are set forth in the bill of exceptions, but as same are printed under abstract of record at pages 15-20, the repetition is omitted here.)"

This court has many times held that the proper place for all matters of exception, as set forth in the printed abstract of the record filed in this court, is in the bill of exceptions, and not in the record proper. There is no authority for taking what is matter of exception out of its place in the bill where it belongs and transposing it to the record proper where it does not belong, nor is there any economy in so doing, although it works a great inconvenience to this court. Were this a question of first impression, the sufficiency of this abstract, at least as to the bill of exceptions, would be a matter of grave doubt. However, in the case of Booth v. Railroad, 217 Mo. l. c. 715, upon facts almost identical with those before us, this court said:

"But the counsel say that on page 17 the motion appears to have been copied into the record proper where it had no lawful place. It is true the motion had no lawful place in the record proper and if it was not in fact set out or called for in the bill of exceptions it would avail the appellant nothing. But the abstract of the bill of exceptions signifies that the motion was copied therein, and the reference to another page where it is printed in full was only to save the useless trouble and expense of printing it a second time."

Under the authority of the Booth case we rule this point against the respondents.

The bill of exceptions does show that the motions for a new trial were filed by the defendants in due

time, that they were overruled by the court and that exceptions were saved to the action of the court in overruling them. Exceptions thus saved to one order of the court overruling two motions will preserve for review the action of the court upon both motions. [Sotham v. Drovers Telegram Co., 239 Mo. 606.]

II. The case was tried upon an amended petition. The original petition therefore became an abandoned pleading, and could only be made a part of the record as a matter of exception. It was not so preserved, and for that reason the question whether the amended petition is a departure from the original cannot be considered. [Railway Co. v. Bank, 212 Mo. l. c. 517; Forrister v. Sullivan, 231 Mo. 345; Rule 9, Rules of this Court.]

III. The petition alleges that the property was conveyed by the grantor, Patrick Mugan, to Eliza Banfield, "in trust, to be held by her for him, and that on the —— day of —— said Eliza Banfield, at the request of her father, Patrick Mugan, conveyed said property to her sister, Molly Mugan, to be held in trust by the said Molly Mugan for the use and benefit of said Patrick Mugan and his heirs."

Appellants contend that as there was no allegation of fraud or mistake in the conveyance, nor that the deeds were intended as mortgages, the petition fails to state a cause of action.

The petition states a cause of action upon the theory that the conveyance created an express trust in the defendant Molly Mugan, and although the statute (sec. 2868, R. S. 1909) provides that such a trust shall be proved only "by some writing signed by the party who is, or shall be, by law, enabled to declare such trusts, or by his last will, in writing," yet it is not necessary that the petition should allege the existence of such written evidence. The presumption is that the

trust pleaded is a vaild one until the contrary appears. That it was not created by written evidence is a matter of defense or to be raised by objection to the evidence offered to prove the trust. [Phillips v. Hardenburg, 181 Mo. 1. c. 472.] And that was the course adopted by the defendants at the trial of this case.

IV. The deeds introduced in evidence were absolute and unconditional conveyances on their faces, but they were not for that reason incompetent, for the evidence that an express trust was in fact created by the conveyance may have existed in a separate writing. [Hall v. Bank, 145 Mo. 418.] Here we reach the fatal weakness in plaintiffs' case. There was no written evidence whatever in support of the allegations of the petition that the conveyances were made in trust, and the oral evidence offered for that purpose was incompetent and should not have been admitted over defendant's objections. Under the requirements of the statute, only upon written evidence can such a trust be established, and the statute has been uniformly so construed by this court. [Green v. Cates, 73 Mo. 115; Rogers v. Ramey, 137 Mo. 598; Hall v. Small, 178 Mo. 629; Crawley v. Crafton, 193 Mo. 421.]

It follows that the court erred in refusing defendants' instruction in the nature of a demurrer to the evidence, asked at the close of plaintiffs' case, and for that reason the judgment is reversed. *Ferriss, P. J.,* and *Brown, J.,* concur.