GEORGE F. MURCH, Respondent, v. J. R. NOWLIN, et al., Appellants.

Springfield Court of Appeals, February 10, 1914.

**APPELLATE PRACTICE: Statement of Case: Briefs: Penalty for Failure to File.** Each party is required to furnish the appellate court with a clear and concise statement of the case and the points intended to be insisted upon in the argument (Sec. 2080, R. S. 1909); and appellant in a civil case is required to file a brief within a specified time (Court Rule 18); failure to comply with these requirements will result in a dismissal, or, at the option of the respondent, a continuance at the cost of the party in default (Court Rule 21).

Appealed from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair,* Judge.

APPEAL DISMISSED.

*W. J. Owen* for appellants.

*H. S. Miller* for respondent.

FARRINGTON, J.—This action was in replevin and was originally instituted in a justice's court for the purpose of recovering certain personal effects claimed by respondent and then in the possession of appellants. Upon trial in the circuit court, plaintiff prevailed and defendants appealed. An abstract was subsequently filed here, but no statement or brief for appellants found its way to this court. Section 2080, Revised Statutes 1909, plainly requires each party to furnish this court with a clear and concise statement of the case and the points intended to be insisted on in argument, and it is held that where the appellant fails to do so the appeal will be dismissed. [Snyder v. Free, 102 Mo. 325, 14 S. W. 875; State v. Boehm, 184 Mo. l. c. 209, 210, 83 S. W. 1133; Sharp v. Railroad, 139 Mo. App. l. c. 534, 123 S. W. 507; Municipal E. and C. Co. v. Bank, 164 Mo. App. 428, 144 S. W. 904; City of Parkville v. McNeil, 39 Mo. 520; Coffey v. Dubois, 35 Mo. App. 96.] Furthermore, our Rule 18 requires appellant in a civil case to file a brief within a specified time,. constructed along specified lines, and Rule 21 provides that the penalty for failure to comply with Rule 18 is a dismissal, or, at the option of the respondent, a continuance at the cost of the party in default. As said in McCullom v. Ulen, 87 Mo. App. 606, the statute and rule mean what they say. Respondent has filed a brief asking that the appeal be dismissed. No other course is left than to sustain this request. It is so ordered. *Robertson, P. J.,* and *Sturgis, J.,* concur.