CHARLEY VAHLDICK v. FREDERICK VAHLDICK et al.; J. O. PATTERSON and HERMAN VAHLDICK, Intervening Defendants, Appellants.

**Division Two, March 30, 1915.**

1. **APPEAL: No Assignment of Errors.** Where appellant's brief contains no assignment of errors and no point suggesting specific error, the appeal will, upon motion of respondent, be dismissed —dismissal, where the judgment is for plaintiff, seeming to be a shade the better practice than affirmance.

2. ———: ———: **Points in Lieu.** Although appellant in his brief makes no formal collective assignment of errors, if he separately assigns error specifically in distinct subheads of points and authorities, this will be accepted on appeal as a substantial compliance with the statute requiring assignments. But where there are neither assignments nor points, and all that appears in the brief are the words following the statement that "the court found against the intervenors and this is the only error assigned by appellants," there is no such compliance with the rules and statute as permits a review of the rulings of the trial court leading up to a judgment on the merits.

264Mo34

Appeal from Greene Circuit Court.—*Hon. T. J. Murray*, Special Judge.

APPEAL DISMISSED.

*J. O. Patterson* and *Neville & Gorman* for appellants.

*H. D. Durst* and *John Schmook* for respondents.

FARIS, P. J.—Plaintiff brought suit to partition forty acres of land in Greene county. Intervenors below, who are appellants here, were, upon their own motion, made parties. Judgment went below for plaintiff pursuant to the prayer of his petition—we assume, since plaintiff and defendants do not appeal—and against intervenors who do appeal. The land in dispute was owned in his lifetime by one Andreas Vahldick, who died intestate in Greene county on the 16th day of February, 1907. Said Andreas left surviving him a widow, but no children by him begotten. The widow elected to take one-half of the forty acres of land, leaving but twenty acres in dispute here.

The intervening petition of appellant, Herman Vahldick, is based upon the claim that about the year 1884 or 1885 said Andreas Vahldick, being childless, entered into an agreement with one Dressell, who was the adopted father of appellant Herman Vahldick, for the benefit and behoof of the latter, by which agreement the said Andreas undertook and promised to adopt said appellant as the child and heir of him, said Andreas. Mutual fulfillment of the parental duties of care and custody, support and maintenance upon the side of him the said Andreas, and of the full performance of filial duties upon the side of appellant Herman are averred, and the prayer is that the court decree specific performance of the contract to adopt, and that thereupon, appellant Herman and his coappellant, to

whom said Herman conveyed a moiety for, or to better secure, a fee, have partition of said land, in lieu of defendants, who, as is also plaintiff, are the collateral kin of him, said Andreas. Plaintiff Charley Vahldick purchased the half interest of the widow, and claims, in addition to that half, a full share of the remaining twenty acres as one of the brothers of the deceased Andreas, the ancestor.

After being permitted to become intervenors, appellants filed an answer, which in effect and legal substance set out the facts as above and prayed affirmative relief as in their intervening petition already mentioned. In addition, they affirmatively prayed a divestiture of title out of both plaintiff and defendants of one-half of the said land, and a vesting of same in the said intervenors.

The trial court, as stated above, found for plaintiff and against appellants, dismissing their petition and for costs.

Upon the very threshold of the case we are met by a motion to dismiss the appeal for the reason that appellants have failed and neglected to comply with the statute (Secs. 2080 and 3941, R. S. 1909) and with our rules (Rules 15 and 16) in the making of their brief. Specifically the contention is that there is no assignment or pointing out of errors. This motion of respondent was timely filed and upon the hearing and argument was taken with the case, to be ruled by us when we came to write the opinion herein.

**Assignment of Errors.**

Going to the brief of appellants to find whether the objection of respondent be well taken, we find neither an assignment of errors nor any point made or set out therein suggesting any specific error. About the place where we should usually expect to find errors assigned, a typewritten sticker advises us that "the court found against the intervenors and this is the only

error assigned by appellants." In short the assignment of errors is: "*The court found against intervenors,*" which action of the court appellants assign as error. This, it is obvious, tells us nothing which we had not already surmised. It has been held that where appellant though making no formal collective assignment of errors in any given part of his brief, yet separately assigns error specifically in distinct subheads of his points and authorities, we will accept this as a substantial compliance with the statute and our rules. [Perry v. Strawbridge, 109 Mo. 621; Mugan v. Wheeler, 241 Mo. 376; Collier v. Lead Co., 208 Mo. 246.] But nothing of this sort is done here. We set out above the whole sum and substance of appellants' efforts to charge error upon the trial court. We do not think this assignment complies with the law, or with our rules, and the motion of respondent ought to be sustained and the appeal dismissed, or such other action taken as the law and our rules allow.

Where no error is pointed out to us we are permitted to presume that no error exists. [Adler & Sons Clo. Co. v. Corl, 155 Mo. l. c. 156; Hamilton v. Crowe, 175 Mo. 634.]

In the Adler case supra, át page 156, it was said: "There was a trial of the cause on its merits, and a finding and judgment for the plaintiff, and although the defendant's appeal seems to cover the whole case, yet in his brief the appellant's counsel suggests no error in that branch of the case, and as he has pointed out none, we will presume there is none.

We might, it is true, take a running broad guess that the gravamen of appellants' complaint is based upon some such view as that the court disregarded the evidence in the instant case, or that he erroneously applied the law to the evidence, or that he found the evidence was insufficient to make out a case for intervenors, when in truth it was amply sufficient. But we

can by no means be sure of this. For it might have been due to some matter of jurisdiction, or defect in the intervenors' petition, or conviction in the mind of the learned trial judge that such practice as obtained here is not permissible in a plain partition suit. All these things are mere idle guessing, but they are all, as are many other possible errors, within the range of probability. We have held both pointedly, and by the very strongest analogy, that we will not wade through a voluminous record for error when none is pointed out to us. [Hughes v. Winkleman, 243 Mo. 81; Bank v. Hutton, 224 Mo. l. c. 53; State v. Boehm, 184 Mo. l. c. 209; Sullivan v. Holbrook, 211 Mo. 99.] This is likewise the rule in other jurisdictions. [2 Cyc. 1014, and cases cited.]

We are authorized by our rules (Rule 16 ) to dismiss the appeal under the conditions here confronting us. In a case on all-fours with this (Sullivan v. Holbrook, supra) the judgment was affirmed. But the logic of the situation seems to make a dismissal of the appeal a shade the better practice. [Murch v. Nowlin, 178 Mo. App. 492; Snyder v. Free, 102 Mo. 325.] Accordingly we dismiss the appeal. All concur.