AUTOMATIC SPRINKLER COMPANY OF AMERICA v. HENSON M. STEPHENS and ROBERT G. MORRIS, Receivers, Appellants.

Division Two, December 31, 1924.

1. **APPEAL: No Assignments: Abstract Points: Dismissal.** The mere statement of abstract propositions of law, followed by a list of authorities, is not an assignment of errors committed by the trial court; and does not comply with requirements of Rule 15, and failure to comply with the rule would justify a dismissal of the appeal.

2. **CONTRACT: By President of Defunct Corporation: Statutory Trustee: Preferred Creditor.** The president, who was likewise secretary, treasurer, general manager, sole stockholder and director of a corporation, and signed its name as such president to a contract for the installation of a sprinkler system in the company's manufacturing building, designed to prevent fires, should be considered its statutory trustee to make such contract, where the corporation's charter, without the actual knowledge of either party, had expired nine days previously, and both parties acted in good faith and intended that the contract would be the pecuniary obligation of the corporation; and the installation of the sprinkler system having been begun and almost completed, according to the agreed plans and terms of the contract, before either party discovered that the corporation's charter had expired, the party who installed it,

having in due time and form subjected the building and lot to a mechanic's lien, as provided by statute (Sec. 7216, R. S. 1919), is entitled to recover an amount sufficient to satisfy such lien from the receivers of the corporation, who were appointed soon after such installation and as such sold the property, since the contract took no part of the corporate property which could otherwise have been applied to the claims of creditors of the corporation.

3. ———: ———: **Power of Statutory Trustee: Mechanic's Lien.** The president, who was likewise sole owner of a going corporation whose charter had recently expired, had power to make a contract for the installation of a sprinkler system in the company's manufacturing plant, to prevent fires, where the contract was not extravagant, the installation greatly reduced the fire insurance premiums, and added more than its cost to the value of the building; and the party who installed the system being under the statute entitled to a mechanic's lien on the building and lot and having in due time and form subjected them to such lien, the enforcement of such lien will take from the creditors of the corporation, later placed in bankruptcy, no part of the corporate property which otherwise might have been applied to the payment of their debts, and the receivers, having sold the property at a fair price, should use enough of the money received at the sale to satisfy the lien.

4. **DEFECT OF PARTIES.** A defect of parties should be raised by demurrer or answer, and unless so raised such alleged defect is not subject to review on appeal.

Citations to Headnotes: 1 and 4, **Appeal and Error:** 1, 3 C. J. par. 1588; 4, 3 C. J. par. 679; 2 and 3, **Corporations,** 14a C. J. par. 3840, and **Mechanics Liens,** 27 Cyc. 54.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin F. Klene,* Judge.

Affirmed.

*Charlton A. Alexander* for appellant; *Cobbs, Logan & Alexander* and *Curlee & Hay* of counsel.

(1) Upon the expiration of the term of the charter, the corporation ceased to exist, and thereafter it had no power to make a contract, and its title to property ceased, and it had no power to bind or convey its

property in its corporate name. Sec. 9755, R. S. 1919; Ford v. Ry. Co., 52 Mo. App. 452; McCoy v. Farmer, 65 Mo. 244; 8 Fletcher Ency. Corp. Pac., sec. 5424, p. 9030. (2) After the death of the corporation by limitation, nothing that the president could do as such could bind the corporate assets. Meramec Springs Park Co. v. Gibson, 268 Mo. 394; 14 C. J. sec. 8303, p. 1149. (3) Upon the dissolution of the corporation by limitation, the title ordinarily vests in the managers as trustees of such corporation; but such trustees are not trustees for the creditors, as the creditors are not a part of the corporation, and have no voice in the management of same, being only entitled to receive payment of their claims. Sec. 9755, R. S. 1919. (4) The signature to the contract is that of the corporation, and as such is void as a corporate act, and can have no effect of binding the corporate property. 14 C. J. 1158; Venable Bros. v. So. Granite Co., 135 Ga. 508; Mason v. Prtg. Co., 133 U. S. 64; Houston v. Utah Power Co., 187 Pac. 174. (5) After the dissolution, even the representatives as such, cannot make a contract under the statute which will have the effect of adding to its assets. 14 C. J. sec. 3815, p. 1158. (6) One who has contracted with an organization in its corporate name is estopped to deny the existence of the corporation at the time of making the contract. Bradley v. Reppell, 133 Mo. 533. (7) When the corporation continues to carry on its business, taking no steps to settle the corporate affairs after the expiration of the charter, the stockholders are doing business as partners, and become personally liable for all debts contracted as such. Ewald Iron Wks. v. Commonwealth, 140 Ky. 692; Central City Savings Bank v. Walker, 66 N. Y. 424; Commerce Natl. Bank v. Galinsky, 142 Iowa, 170.

*S. T. G. Smith* and *Thos. S. Meng* for respondent.

(1) If Houchin was absolute owner, free of any trust, as appellants claim, then the right to a mechanic's

lien was clearly made out. (2) Creditors have no lien upon the assets of a defunct corporation. Barrie v. United Rys. Co., 125 Mo. App. 96, 120; Hollins v. Brierfield Coal Co., 150 U. S. 383; Wagoner-Gates Milling Co. v. Ziegler Com. Co., 128 Mo. 495. (3) If Houchin was liquidating trustee the contract was enforceable as against the assets of the former corporation. When a person acts for a valuable consideration he is understood to engage to make the instrument as effectual as he has power to make it. Campbell v. Johnson, 65 Mo. 439. (4) A mechanic's lien is not created by the contract, but by the use of the materials and labor, upon the idea that the labor and materials have been a benefit to the property or have enhanced its value. Van Stone v. Stilwell Mfg. Co., 142 U. S. 136; Hannon v. Gibson, 14 Mo. App. 33; Fitzgerald v. Thomas, 61 Mo. 499; Holtzhuer v. Meer, 59 Mo. 434; Henry v. Evans, 97 Mo. 47. (5) Liquidating trustees may, in their discretion, incur such obligations as are properly incident to the management of the affairs in their charge. Mason v. Mining Co., 66 Fed. 402; Rossi v. Caire, 174 Cal. 81; Crystal Pier Co. v. Schneider, 180 Pac. 948; Havemeyer v. Superior Court, 84 Cal. 327, 10 L. R. A. 638; 14a C. J. 1169, sec. 3837. (6) The objection to the validity of the contract made by Houchin, being that it was beyond his powers as trustee, the rule as to *ultra vires* contracts of corporations should be applied, to the effect that where the contract has been fully executed by the other party and the benefit retained, such defense is unavailable. St. Louis v. Ry. Co., 248 Mo. 27; First Natl. Bk. v. Guardian Trust Co., 187 Mo. 527. (7) Where action of trustee results in benefit, the trust estate is obligated therefor. Stevens v. Melcher, 80 Hun, 514; Dilworth v. Linderlong, 1 Binney, 488; Pratt v. Thornton, 28 Me. 355; Lewin on Trusts (12 Ed.) pp. 713, 714; Beck v. Kinealy, 89 Mo. App. 418.

RAILEY, C.—Plaintiff, Automatic Sprinkler Company of America, a New York corporation, commenced this action in the Circuit Court of the City of St. Louis, Missouri, against Henson M. Stephens and Robert G. Morris, receivers of the Star Manufacturing Company, a Missouri corporation, et al., defendants, to establish a mechanic's lien for a balance amounting to $9868.75 against a building in the city of St. Louis, and the leasehold interest formerly owned by said Star Clothing Manufacturing Company in the lot of ground on which the building was situated, for material and labor furnished in equipping the building with what is known as a sprinkler system.

The latter consisted of pipes and valves connected with the city water supply, and equipped with sprinkler heads distributed throughout the building which fuse at a certain temperature, thus permitting a discharge of water and extinguishing incipient fires. There is also an automatic fire-alarm or signal to the fire department. It is a system of fire prevention as distinguished from insurance which provides indemnity only. The evidence tends to show that it prevents large fire loss, and therefore results in great reduction of rates of fire insurance. In this case the insurance rate, after the equipment was installed, was only one-sixth of the former rate. That is to say, the former rate was $1.38, while the rate with the sprinkler was twenty-three cents. The evidence shows that the receivers saved about $5500 in reduction of fire insurance premiums during the liquidating period after the sprinkler was installed. As a matter of fact, the building was sold by the receivers appointed by the Federal court, after the installation of this Sprinkler system, for $20,000 more than the Star Clothing Company paid for the property.

There is no dispute as to the installation of the system being in accordance with the plans agreed to between this plaintiff and James A. Houchin, as president of the Star Clothing Maunfacturing Company.

Said installation was completed within the time required by the terms of the undertaking. A substantial part of the material was delivered, work commenced by December 1, 1920, and the installation completed February 24, 1921. The lien account was filed in the clerk's office August 19, 1921, and this suit was commenced within a proper time thereafter. The contract for the installation of the sprinkler system was dated October 12, 1920, nine days after the company's charter had expired. The contract was in the form of a proposition made by the Sprinkler Company, and was accepted as follows:

"Acceptance.

"We hereby accept the above proposal this 12th day of October, 1920, and authorize the 'automatic' Sprinkler Company of America to do the work therein specified, and we agree to pay therefor as therein proposed.

"STAR CLOTHING MFG. COMPANY,

"JAS. HOUCHIN, PRESIDENT.

"Witness: John Friesch."

The title to said property stood in the name of the Star Clothing Manufacturing Company until sold by order of the Federal court at St. Louis. Soon after the installation of the above system, the Star Clothing Company experienced financial reverses and the Federal District Court at St. Louis appointed defendants, Henson M. Stephens and Robert G. Morris, receivers; and it was through them, as such, that the sale of the property was effected.

The evidence shows that John B. Houchin and Mollie Houchin are the father and wife of James A. Houchin, and upon the corporate records appear as directors, though no stock appears to have been issued to them. Both of them deny that they ever received or owned any stock or acted as directors of said corporation.

James F. Bippus was made a defendant, because he was the pledgee of all of the stock of the Star Clothing Company at a time when it was a going concern, and Jas

A. Houchin made the pledge for borrowed money. Service was had by publication against Bippus and the unknown holders of the deed of trust and notes secured thereby, mentioned in the pleadings and evidence.

The present suit was filed in the St. Louis Circuit Court by leave of the United States court aforesaid, which had set aside enough of the proceeds of the sale of the property to satisfy the lien sought to be established here.

It clearly appears that, at the time the contract for the sprinkler system was made, none of the parties knew that the Star Company had ceased to be a legal entity. No dispute is made as to the plaintiff being entitled to the amount for which it seeks to establish the mechanic's lien, if entitled to anything. Plaintiff contends that, while all the parties thought at the time the contract was made that a contract for the sprinkler system with the Star Company was being made, yet since that company was dead, its statutory trustee, James A. Houchin, was bound by the contract of October 12, 1920. It is evident from the foregoing facts that James A. Houchin, when he signed the paper for the sprinkler system, did not propose to bind himself personally, nor as trustee for the Star Company, for he did not then know the company had ceased to exist. He thought at that time, the Star Company was a legal entity, that it was a going concern, and that he was making such a contract as he had the legal right to make during the life of the Star Company. It is manifest that if plaintiff had known the life of the Star Company had ceased, it would not have entered into such an agreement. So that, a peculiar state of facts came to pass, which was not reasonably contemplated by either of the parties to the contract. The legal aspect of these questions will be considered in the opinion.

The trial court found that plaintiff is entitled to recover $9868.75, with eight per cent interest thereon, from December 1, 1920, to the date of its rendition and

that plaintiff is entitled to have the same charged as a
lien against the property described, as follows:

Principal ...................... $9,868.75
Interest for two years and twenty-
 one days ..................... 1,624.95
Total ....................... $11,493.70

A motion for a new trial was filed, overruled and
the cause duly appealed to this court.

I.  Appellants in their brief have made no formal
assignments of error.  Where the Points and Author-
ities specify the errors of the trial court complained of,
we have treated the same as assignments of error, but
in this case counsel have set out twenty-four proposi-
tions under their Points and Authorities, none of which
comply with Rule 15 of this court, which, among other
things, contains the following:

"The brief for appellant shall distinctly allege the
errors committed by the trial court," etc.

The mere statements of abstract propositions of
law, followed by a list of authorities, do not comply with
the requirements of our rule. [Coe v. Greenley, 246 S.
W. (Mo.) 908 and cases cited; Rusch v. Valle, 237 S.
W. (Mo.) l. c. 112; State v. Barker, 242 S. W. (Mo.) l.
c. 409 and cases cited; Kirkland v. Bixby, 282 Mo. 462,
222 S. W. 462; Frick v. Ins. Co., 279 Mo. 156, 213 S.
W. 854; Vahldick v. Vahldick, 264 Mo. 529, 175 S. W.
199; Hanchett Bond Co. v. Palm, 220 S. W. (Mo.) 673;
Duffy v. Allen, 220 S. W. (Mo.) 857.]  The courts of
appeals in construing their own rules are in full accord
with what we have said on this subject.

In Proposition 1 of the Points and Authorities the
following appears:

"Upon the expiration of the term of the charter,
the corporation ceased to exist, and thereafter it had no
power to make a contract, and its title to property ceased
and it had no power to bind or convey its property
in its corporate name.  Sec. 9755, R. S. 1919;  Ford v.

K. C. & I. Ry. Co., 52 Mo. App. l. c. 452; McCoy v. Farmer, 65 Mo. 244; 8 Fletcher Enc. Corp. Pac., 5424, p. 9030.''.

Each of the remaining twenty-four propositions is subject to the same criticism, and fails to point out any alleged error committed by the trial court of which complaint is made.

II. Rather than dismiss the appeal, which we would be justified in doing under the authorities heretofore cited, we find that in the printed argument appellants' counsel have complained of the trial court's rulings in several respects, and we will consider these, for our own satisfaction, without our ruling being considered a waiver of the foregoing requirements as to assignments of error.

It is contended by appellants that the trial court erred in holding that the contract for the sprinkler system was signed by James A. Houchin as trustee of the Star Clothing Manufacturing Company. According to our conception of the law, this covers one of the main issues in the case. There seems to be but little, if any, material controversy over the facts, and in the preceding statement we have followed substantially the facts found by the trial court as shown by the abstract of record. It is undisputed that the Star Clothing Manufacturing Company, a Missouri corporation, became the legal owner, as such, of the real estate sought to be subjected to a mechanic's lien, by warranty deed, of date, November 22, 1915. The charter of the Star Company expired by operation of law on October 3, 1920. Said company was still the legal owner of said real estate at that time, and James A. Houchin was its president, secretary, treasurer, general manager, sole stockholder and director of said corporation. While plaintiff and said James A. Houchin were charged with constructive notice of the fact that the charter of said corporation expired under the law on October 3, 1920, yet neither of said parties

had any actual notice, for several months afterwards, that said charter had expired, but, on the contrary, each of said parties, acting in good faith, honestly believed when the sprinkler contract was made, that said Star Company was a solvent, going concern and fully authorized to make said contract under a live charter.

While matters were in this condition, James A. Houchin, occupying toward said corporation the relation aforesaid, deeming it for the best interests of the Star Company to do so, opened negotitations with this plaintiff for the installation of the foregoing sprinkler system, which culminated on October 12, 1920, nine days after the expiration of the charter, by the Star Company accepting the proposition of plaintiff for the installation of said sprinkler system in manner and form as follows:

"Acceptance.

"We hereby accept the above proposal this twelfth day of October, 1920, and authorize the 'Automatic' Sprinkler Company of America to do the work herein specified and we agree to pay therefor as therein proposed.

"STAR CLOTHING MFG. CO.,

"JAMES A. HOUCHIN, PRES.

"Witness: John Friesch."

It is manifest from reading the evidence, that both plaintiff and Houchin believed the charter of the clothing company was still operative, and undertook to make just such a contract, as they could and would have made, if the charter had not expired. Keeping in mind the foregoing facts, it is evident that James A. Houchin, in the execution of said contract, was not undertaking to bind himself personally, nor does it appear that the plaintiff had any idea of thus holding him. The evidence clearly shows that plaintiff and James A. Houchin, on October 12, 1920, attempted to make, and intended to make, a contract for the installation of the sprinkler system, which would require the Star Clothing Manufacturing Company to pay for the sprinkler system.

If such was their intention, why should not the contract be upheld, unless prohibited by law, on the theory that James A. Houchin was at the time of executing said contract a statutory trustee, in charge of a defunct corporation? As bearing on this particular branch of the case, we call attention to Sections 9755 and 7216, Revised Statutes 1919, which read as follows:

"Sec. 9755. Upon the dissolution of any corporation already created, or which may hereafter be created under the laws of this state, the president and directors or managers of the affairs of said corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of such corporation, with full powers to settle the affairs, collect the outstanding debts and divide the money and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; to sue for and recover such debts and property by the name of the trustees of such corporation, describing it by its corporate name, and may be sued by the same; and such trustees shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands.

"Sec. 7216. Every mechanic or other person, who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor, upon complying with the provisions of this article, shall have for his work or labor done, or materials, fixtures, engine, boiler or machinery furnished, a lien upon such building, erection or improvements . . . and the lot of land upon which the same are situated, to secure the payment for such work or labor done, or materials, fixtures, engine, boiler or machinery furnished as aforesaid."

As heretofore stated, it was clearly the intention of plaintiff, in making said contract, to rely on the consideration to be paid for the sprinkler system out of the assets of the Star Clothing Company. It is equally as clear from the evidence that James A. Houchin endeavored to contract with reference to the sprinkler system being paid for out of the Star Clothing Company's assets. On account of the charter having expired, the contract, so far as Houchin as president was concerned, became ineffectual, but as he was vested as trustee with the title to the property of the Star Company, the contract, which met with his approval as trustee, should be enforced.

In Trigg v. Trigg, 192 S. W. l. c. 1015, we said:

"It is claimed by appellants that the deed from Mrs. Trigg to plaintiff for the real estate in dispute does not refer to the will, and hence is ineffectual to pass the legal title. We have held that Mrs. Trigg had the legal right to sell and convey said property to respondent. Her deed, pursuant to this right, passed the title thereto. [Campbell v. Johnson, 65 Mo. 439; Underwood v. Cave, 176 Mo. l. c. 18, 75 S. W. 451; Grace v. Perry, 197 Mo. l. c. 568, 95 S. W. 875, 7 Ann. Cas. 948.]"

In Campbell v. Johnson, 65 Mo. l. c. 440, Judge HOUGH quoted with approval from the language of Lord REDESDALE, the following: "When a person acts for a valuable consideration, he is understood in equity to engage with the person with whom he is dealing, to make the instrument as effectual as he has power to make it."

If, therefore, James A. Houchin, as trustee of the Star Clothing Company, could have made a valid contract with plaintiff, by placing after his name, "Trustee," instead of "Pres.", the contract should be upheld, for both he and plaintiff intended that it should be binding on the Star Clothing Company when made. Unless we should conclude, that there was some provision of law in existence which precluded James A. Houchin, as trustee, from making said contract, the ruling of the

306 Mo.—34

trial court in respect to foregoing matter meets with our approval.

III.   Did James A. Houchin, as trustee for the Star Clothing Company, have the power under the broad provisions of Section 9755, Revised Statutes 1919, to execute a contract with plaintiff, for the sprinkler system, to be paid for out of the assets of said corporation?   He was sole owner of the corporate stock, which gave him a vested interest in the property of the corporation, aside from that which was vested in him under the statute as trustee aforesaid. He was in possession of a solvent, going concern when the charter expired.   The contract which he made with plaintiff took no part of the corporate property which would otherwise have been applied to the debts of creditors of said corporation.   On the contrary, if the mechanic's lien be enforced, the plaintiff will simply receive what its own plant brought under the Federal sale, when sold as a part of the real estate in controversy.

*Trustee's Powers.*

The cost of the sprinkler system was $11,250.75.   One thousand, three hundred and eighty-two dollars were paid on the contract, but the balance of $9868.75 was not paid; and on August 19, 1921, plaintiff filed its mechanic's lien papers; and by permission of the Federal court commenced this action to enforce its mechanic's lien for the balance due as aforesaid.   The evidence fairly establishes the fact that the Sprinkler Company complied with the requirements of the Fire Prevention Bureau of the city of St. Louis; that it added to the value of the building approximately the cost of the equipment, and that it rendered the property more rentable or saleable and greatly reduced the cost of insurance. The entire building sold for $62,000, including the sprinkler system.   In other words, with the sprinkler system installed the property sold for $20,000 more than the Star Clothing Company paid for same.   Out of the

proceeds of the sale of said property, the Federal court set apart $13,000 with which to liquidate plaintiff's demand, if the mechanic's lien be established.

Substantial evidence was offered by plaintiff tending to show that the increase in the value of the building by the addition of the sprinkler system was equal to the actual cost of said system. While a trustee might not be upheld in making extravagant improvements on property being administered by him under the law, yet how can it be said in this case that the creditors have been injured, if this lien is established, when the receivers have obtained under their sale all the property was worth, without the sprinkler system, and without any other part of the proceeds of said sale being applied to plaintiff's demand.

Viewed from the standpoint of either principle or common honesty, we hold, that the action of the trial court in upholding the contract as aforesaid should be sustained.

IV. The principles of law heretofore considered, in connection with the facts, lead to the inevitable conclusion that the trial court committed no error in holding that plaintiff was entitled to a mechanic's lien for the balance due for the installation of said sprinkler system.

V. It is suggested by appellants in their brief that there was a defect of parties, as Houchin as trustee was not joined as a party defendant. If there was any defect of parties to the action it should have been raised either by a special demurrer, or by answer. Unless raised one way or the other it is not subject to review here. James A. Houchin was joined as a defendant and testified as a witness in behalf of plaintiff. He is not complaining in this court. These appellants did not set up in their answer, nor in their motion for a new trial, that any defect of parties existed. This question is not therefore properly before us for review, even if the contention contained any merit.

[Secs. 1226, 1320, R. S. 1919; Wilson Co. v. H. F. Ins. Co., 300 Mo. l. c. 38; State ex rel. Westhues v. Sullivan, 283 Mo. l. c. 570; Ford v. Ry. Co., 280 Mo. l. c. 226, 217 S. W. l. c. 301; Crowl v. Am. Linseed Co., 255 Mo. 327; Rideout v. Burkhardt, 255 Mo. 116, 164 S. W. 506; State ex rel. v. Chemical Works, 249 Mo. l. c. 721, 156 S. W. 967; Jackson v. Johnson, 248 Mo. l. c. 692; Johnson v. United Railways, 247 Mo. l. c. 327; Ashton v. Penfield, 233 Mo. l. c. 417; Fulwider v. Gas L. & P. Co., 216 Mo. 582; Hanson v. Neal, 215 Mo. 256; Hudson v. Cahoon, 193 Mo. 547; Jones v. Ry. Co., 178 Mo. 528.]

We have given due consideration to all the questions properly presented, and have no hesitation in sustaining the findings and conclusions of law made by the trial court, in disposing of the case. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, J.,* absent.