M. J. Cox v. R. A. ORR, Appellant.—14 S. W. (2d) 440.

Division Two, March 2, 1929.

*E. E. Smith* and *E. C. Medlin* for appellant.

*D. S. Mayhew* for respondent.

WALKER, J.—This is a suit in ejectment filed in the Circuit Court of Lawrence County, wherein the plaintiff claims to own and seeks to recover the land described in the petition. The court found the issues for the plaintiff, so far as concerns the possession of the land, and also found that the defendant has a first lien on the same on account of his debt (secured by a deed of trust), taxes paid and improvements made, amounting to eleven hundred dollars. This deed was ordered foreclosed by a special sale to be made by the sheriff, after this judgment becomes final. From this judgment the defendant appeals.

Elbert J. Cox and his wife, August 13, 1920, made and delivered to Maud M. Draper, a note for eight hundred dollars, payable August 15, 1923, with interest at the rate of eight per cent per annum. The payment of this note was secured by a deed of trust on the land described in the petition. Elbert J. Cox subsequently sold and conveyed the land to Landon Cox and his wife. Thereafter M. J. Cox, the plaintiff, brought suit by attachment against Landon Cox and his wife on a debt due by them to him. Judgment was rendered in his favor and the land, here in controversy, was levied upon and

sold to satisfy the judgment and was purchased by M. J. Cox. October 10, 1924, the defendant Orr became the owner by purchase of the note made by Elbert J. Cox and his wife to Maude M. Draper, the payment of which, as stated, was secured by a deed of trust on the land. At the time there was past due interest on the note, and an employee of the Monett State Bank volunteered to foreclose the deed of trust, evidently with the idea that it was a mortgage with a power of sale. After this attempted sale the appellant requested the trustee named in the deed of trust to proceed to foreclose the same on account of a default in the payment of interest due thereon and the taxes, which had not been paid on the land for several years. The trustee refused to act. The appellant, December 22, 1924, thereupon requested the then Sheriff of Lawrence County to foreclose the deed of trust. The notice of sale provided that the land be sold on January 16, 1925, which was sixteen days after the expiration of the term of the sheriff who began the foreclosure proceedings. The land was sold by him January 19, 1925, and the appellant became the purchaser. Soon thereafter he took possession of the land and proceeded to improve it.

The plaintiff relies upon the sheriff's deed under the execution sale based upon the judgment of M. J. Cox (the plaintiff), against Landon Cox, to sustain his right to recover the possession of the land. The defendant bases his claim to title and the right to possession upon the deed of the Sheriff of Lawrence County whose term had expired on January 1, 1925, and who was acting for the trustee in the foreclosure sale.

I. There is no assignment of errors such as is required by our procedure. Section 1511, Revised Statutes, 1919, and our Rule Fifteen, distinctly require a specific statement of the errors assigned. This requirement is not attempted to be complied with. Under our liberal construction of this statute and rule we have held that the omission to comply therewith may be remedied by allegations of error under the appellant's statement of his "Points and Authorities." [State ex rel. Davidson v. Caldwell, 310 Mo. 397, 276 S. W. 631; Pfotenhauer v. Ridgway, 307 Mo. 529, 271 S. W. 50.] Nothing of this character appears in the abstract. What is designated as the "Brief and Authorities" is nothing more than an abstract of the law contended by the appellant to be applicable to the case. Our only alternative, therefore, is to dismiss the appeal. It is so ordered. All concur.