Mary E. Aulgur, Appellant, v. George Strodtman, Doing Business Under Style and Firm Name of Strodtman & Strodtman.—46 S. W. (2d) 172.

Division One, February 11, 1932.

*Geo. T. Meyer* and *E. H. Schwarzenbach* for appellant.

*William Hilkerbaumer* for respondent.

ATWOOD, J.—Mary E. Aulgur, appellant herein, filed petition in the Circuit Court of the City of St. Louis asking for an accounting between her and George Strodtman, the latter doing business under the style and firm name of Strodtman & Strodtman. Defendant Strodtman filed answer and counterclaim, and plaintiff replied with

a general denial. The case was referred for a trial of all issues and report of findings to the court. Thereafter the referee filed his written report and findings, together with transcript of the testimony and the exhibits offered in evidence. The finding of the referee was in favor of defendant on plaintiff's petition and in favor of plaintiff on defendant's counterclaim. Both plaintiff and defendant filed exceptions thereto. The court overruled all exceptions, approved the referee's report, and rendered judgment in favor of defendant on plaintiff's petition and for plaintiff on defendant's counterclaim. From the judgment so rendered against her plaintiff has appealed.

Respondent filed motion to dismiss plaintiff's appeal, which was taken with the case. It challenges the sufficiency of appellant's abstract under our rules numbered 7 and 8, and the sufficiency of appellant's brief under our rule numbered 15.

First, as to the sufficiency of appellant's abstract of the record. The matters presented to the referee cover a long period of years and embrace a multitude of transactions between plaintiff and defendant in the building of houses and sale of real estate. Appellant would have us treat the case as a suit in equity and try it *de novo*. The referee's report, which is embraced in appellant's abstract, shows that the testimony given before him covers more than 900 pages and that many exhibits were introduced in evidence and filed therewith which were not attached to his report. Counsel for appellant have undertaken to abstract this voluminous testimony within a compass of 60 pages, and have presented none of the exhibits offered in evidence. The referee's report makes frequent reference to pages of the transcript of the testimony and exhibits, none of which are accessible to us. Counsel for respondent has filed an additional abstract of 47 pages, not for the purpose, he says, of bringing up all of the record necessary for a fair presentation of the case, but rather to show the fatal incompleteness of appellant's abstract.

Our rule numbered 7 is as follows:

"In equity cases the entire evidence shall be embodied in the bill of exceptions; provided it shall be sufficient to state the legal effect of documentary evidence where there is no dispute as to its admissibility or legal effect; and provided further that parole evidence shall be reduced to a narrative form where this can be done and its full force and effect be preserved."

Our rule numbered 8 is as follows:

"In the absence of a showing to the contrary, it will be presumed as a matter of fact that bills of exceptions contain all the evidence applicable to any particular ruling to which exception is saved."

Also, our rule numbered 13 provides that abstracts "shall set forth so much of the record as is necessary to a complete understanding of all the questions presented for decision. Where there is no

controversy as to the pleadings· or as to deeds or other documentary evidence it shall be sufficient to set out the substance of such pleadings or documentary evidence. The evidence of witnesses may be in narrative form except when the questions and answers are necessary to a complete understanding of the testimony. Pleadings and documentary evidence shall be set forth in full when there is any question as to the former or as to the admissibility or legal effect of the latter; in all other respects the abstract must set forth a copy of so much of the record as is necessary to be consulted in the disposition of the assigned errors.''

Appellant has not challenged the accuracy of the testimony shown in respondent's additional abstract and, if inconsistent with appellant's abstract, respondent's additional abstract must be taken as correct. [Slovensky v. O'Reilly (Mo. Sup.), 233 S. W. 478, 480.] When the two abstracts are read together appellant's failure to state the full import of the evidence in her abstract is apparent, and it further appears that both abstracts taken together do not present enough of the testimony and exhibits offered in evidence to give us a complete understanding of all the questions suggested in the broad review sought by appellant. In equity cases we refuse to consider an appeal wherein it appears that the bill of exceptions has not been fully abstracted. [Patterson v. Patterson, 200 Mo. 335, 341, 98 S. W. 613; Pitts v. Pitts, 201 Mo. 356, 360, 100 S. W. 1047; Huggins v. Hill (Mo. Sup.), 236 S. W. 1051, 1052.] Even in an action at law if appellant seeks a reversal on the ground that there was no evidence to support the verdict, or that a demurrer to the evidence should have been sustained, all the evidence must be presented. [State ex rel. v. Jarrott, 183 Mo. 204, 217, 81 S. W. 876.]

Coming now to respondent's criticism of appellant's brief with respect to specification of errors, we quote as follows from the second paragraph of our rule numbered 15:

''The brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain in addition thereto: (1) a fair and concise statement of the facts of the case without reiteration, statements of law, or argument; (2) a statement, in numerical order, of the points relied on, with citation of authorities thereunder, and no reference will be permitted at the argument to errors not specified; and (3) a printed argument, if desired. ·. . . No brief or statement which violates this rule will be considered by the court.''

Also, our rule numbered 16 provides that if any appellant in any civil case fail to comply with certain rules, including above numbered 15, ''the court, when the cause is called for hearing, will dismiss the appeal, or writ of error; or, at the option of the respondent continue the cause at the cost of the party in default.''

In an assignment of errors the appellant should distinctly state the errors relied upon for reversal. Though separately alleged they frequently appear as broadly expressed in a motion for a new trial. It is doubtless because of such generality of presentation that subdivision 2 of above rule 15 further requires the appellant to particularize by furnishing "a statement, in numerical order, of the points relied on, with citation of authorities thereunder." We have time and again emphasized that this requirement for particularization cannot be met by mere abstract statements of law or of facts not therein shown to have direct bearing upon or connection with the errors alleged. [Cox v. Orr, 322 Mo. 207, 209, 14 S. W. (2d) 440; Stroker v. City of St. Joseph, 316 Mo. 1090, 292 S. W. 1031; State ex rel. Davidson v. Caldwell, 310 Mo. 397, 405, 276 S. W. 631; Hunt v. Hunt, 307 Mo. 375, 391, 270 S. W. 365; Automatic Sprinkler Co. v. Stephens, 306 Mo. 518, 525, 267 S. W. 888; Vahldick v. Vahldick, 264 Mo. 529, 533, 175 S. W. 199; Johnston v. Johnston (Mo. Sup.), 16 S. W. (2d) 91; Hanchett Bond Co. v. Palm (Mo. Sup.), 220 S. W. 673; Duffy v. Allen (Mo. Sup.), 220 S. W. 857; Hayes v. McLaughlin (Mo. Sup.), 217 S. W. 262, 264; Frick v. Millers' Nat. Ins. Co., 213 S. W. 854, 279 Mo. 156.]

True, our rules have been liberally construed to permit errors distinctly alleged under the head of points and authorities, or appearing even elsewhere in appellant's brief, to supplement a defective assignment of errors, or be treated as such where no formal assignment of errors appears. [Collier v. Lead Co., 208 Mo. 246, 259, 106 S. W. 971; Mugan v. Wheeler, 241 Mo. 376, 145 S. W. 462; Perry v. Strawbridge, 209 Mo. 621, 108 S. W. 641.] But, for obviously good reasons, we have never relaxed our requirement for particularization in statement of points relied on.

Turning to appellant's assignment of errors we find it to be as follows:

1. "The court erred in overruling plaintiff's exceptions to the referee's report filed in said cause and each and every one of them.

2. "The court erred in refusing to sustain each and every one of the exceptions of the complainant to the referee's report.

3. "The court erred in decreeing that the defendant was entitled to a decree and judgment on the plaintiff's cause of action.

4. "The court erred in approving the referee's report.

5. "The court erred because the decree and judgment are against the evidence.

6. "The court erred because the decree and judgment are against the weight of the evidence.

7. "The court erred because the decree and judgment are against the law.

8. "The court erred because the decree and judgment are not based on the evidence.

9. "The court erred · because the decree and judgment are not based on the facts, the evidence, the testimony and the law.

10. "The court erred because the decree and judgment are against the testimony and the evidence."

Even if each of the above could be deemed sufficient as an assignment of error it is apparent that each is too general to serve the purpose of a statement or specification of a point relied on within the meaning of our Rule 15 which · requires a statement in numerical order of the points relied on in addition to an assignment of errors. And under the head of points and authorities appellant has merely submitted a numbered list of abstract statements of law or facts not shown to have any connection with errors alleged to have been committed by the trial court. · This defect is not remedied elsewhere in the brief and such a submission is clearly in violation of our rules.

Whenever compelled to dispose of an appeal otherwise than on the merits we do so with a feeling of concern and regret, and in stating what we conceive to be a sound application of our rules we are frequently put to more trouble than would be occasioned by a determination of the case on its merits if properly presented. The rules here invoked are promulgated not only to aid the court in dispatching appeals, but to guard against the disturbance of *nisi prius* judgments except upon a full and fair presentation of the whole record necessary to a determination of errors properly presented.

Respondent's motion to dismiss is sustained and the appeal is dismissed. All concur.