WALTER L. MAJORS v. ANNIE M. POPE TURNBO MALONE, Appellant.— 100 S. W. (2d) 300.

Division One, December 14, 1936.

*Lawrence McDaniel* and *F. E. Williams* for appellant.

*J. M. Feigenbaum* for respondent.

PER CURIAM:—Action to recover for alleged breach of a contract of employment. The petition is in two counts. The first count asks damages in the sum of $100,000 with interest from October 19, 1915, for alleged wrongful discharge. The second count seeks to re-

cover the sum of $3333.33 with interest from above date, alleged to be due plaintiff from the date of his employment to the date of his discharge. The answer contained (1) certain admissions of facts, (2) a general denial of all other allegations in the petition, and (3) a counterclaim in which defendant sought to recover from plaintiff the sum of $8928.10. The case was sent to a referee who, after hearing the evidence, reported his findings of fact and conclusions of law in which he found against defendant on his counterclaim, and in favor of plaintiff on his petition in the sum of $7528.65 with six per cent interest from October 19, 1915, and recommended that judgment be rendered accordingly.

Both parties filed exceptions to the referee's report. The court overruled the exceptions, approved the report and rendered judgment in accordance therewith. Defendant appealed.

■ Appellant's brief does not comply with Rule 15 of this court. This rule provides, among other things, the following:

"The brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain in addition thereto . . . a statement, in numerical order, of the points relied on, with citation of authorities thereunder, and no reference will be permitted at the argument to errors not specified; . . ."

Rule 16 makes it the mandatory duty of the court to dismiss the appeal for failure to comply with Rule 15. Rule 16 reads as follows:

"If any appellant in any civil case fails to comply with the rules numbered 11, 12, 13 and 15, the court, when the cause is called for hearing, will dismiss the appeal, or writ of error; or, at the option of the respondent, continue the cause at the cost of the party in default."

The assignments of error in this case read as follows:

## ASSIGNMENT OF ERRORS.

(1) The judgment in said cause is against the evidence, against the weight of the evidence, and against the law under the evidence.

(2) The judgment was for the wrong party.

(3) The court erred in overruling defendant's exceptions to the referee's report.

(4) The court erred in confirming the referee's report and in entering a judgment thereon in accordance with said report in favor of the plaintiff and against the defendant on the first count of plaintiff's petition.

(5) The court erred in confirming the referee's report and in entering a judgment thereon in accordance with said report in favor of the plaintiff and against the defendant on defendant's counterclaim.

(6) The court erred in finding an excessive amount of money to be due and owing by the defendant to the plaintiff.

(7) The court erred in overruling defendant's exceptions to the findings of facts and conclusions of law made by the referee in his report and in confirming the recommendations of the referee of a judgment for the plaintiff under the law and the evidence in this case.

(8) The court erred in overruling defendant's exceptions to referee's report based on the fact that the referee failed to specify the count upon which the referee based his findings, and also because the referee failed to make a specific finding upon each count of plaintiff's petition.

(9) The court erred in overruling defendant's exceptions to the referee's report based on the fact that the referee erred in finding against the evidence and against the weight of the evidence.

(10) The court erred in overruling defendant's exceptions to the referee's report based on the fact that the referee erred in finding under the law and the evidence that the defendant did not have just cause to discharge plaintiff.

(11) The court erred in overruling the defendant's exceptions to the referee's report based on the fact that the referee erred in failing to consider pertinent and essential questions of law involved in the case.

(12) The court erred in overruling the exceptions of defendant to the referee's report based on the fact that the referee erred in failing to consider vital and undisputed evidence which showed conclusively that defendant was justified in discharging plaintiff.

(13) The court erred in overruling the exceptions of defendant to the referee's report based on the fact that the referee's review of the evidence as set forth in his report showed that he did not fairly consider all the evidence in making his findings in this cause.

(14) The court erred in overruling the defendant's exceptions to the referee's report based on the fact that the referee erred in finding as to the particular act of the plaintiff upon which defendant based her discharge of plaintiff.

(15) The court erred in overruling the defendant's exceptions to the referee's report based on the fact that the referee erred in finding of facts and also in conclusions of law, and also in recommending a judgment against the defendant in favor of the plaintiff upon the defendant's counterclaim.

(16) The court erred in overruling the defendant's exceptions to the referee's report based on the fact that the referee erred in finding that defendant wrongfully discharged the plaintiff, as the finding in that respect is contrary to the evidence and the weight of the evidence.

(17) The court erred in overruling the defendant's exceptions to the referee's report based on the fact that the referee erred in find-

ing that plaintiff's act and conduct as shown by the evidence did not constitute sufficient cause for his discharge by defendant.

(18) The court erred in overruling the exceptions of defendant to the referee's report based on the fact that the referee erred in finding under the evidence that the plaintiff did not voluntarily leave the employ of the defendant.

(19) The court erred in overruling the exceptions of defendant to the referee's report based on the fact that the referee erred in admitting incompetent, irrelevant and immaterial evidence offered by the plaintiff.

(20) The court erred in overruling the exceptions of defendant to the referee's report based on the fact that the referee erred in rejecting competent, relevant and material evidence offered by the defendant, including Defendant's Exhibit D.

(21) The court erred in overruling appellant's motion for a new trial.

Some of above specifications are sufficient as assignments of error, but many of them are not. None of them state the point relied on to show the alleged error of the court. For example—assignment No. 20 states that "the court erred in overruling defendant's exceptions to the referee's report based on the fact that the referee erred in rejecting competent, relevant and material evidence offered by defendant, including defendant's Exhibit D." This specification is good as an assignment of error, but, standing alone, it does not comply with Rule 15 requiring a statement of the point relied on. It simply states that material evidence offered by defendant was rejected without assigning any reason why such evidence should not have been rejected. While it is not necessary that a statement of the points relied on appear in the assignment of errors, if it is made in the points and authorities, but such a statement must appear in one place or the other. Turning to that part of the brief intended as points and authorities, we find it contains nothing but abstract statements of law and quotations from decisions, with no attempt whatever to connect such statements and quotations with errors alleged to have been committed by the trial court. Neither the assignment of errors nor the points and authorities contain a statement of the points relied on to show the alleged errors committed by the trial court as required by Rule 15. A similar situation was before this court in Aulgur v. Strodtman, 329 Mo. 738, 46 S. W. (2d) 172, 174. We there said:

"Turning to appellant's assignment of errors we find it to be as follows:

"I. The court erred in overruling plaintiff's exceptions to the referee's report filed in said cause and each and every one of them.

"II. The court erred in refusing to sustain each and every one of the exceptions of the complainant to the referee's report.

"III. The court erred in decreeing that the defendant was entitled to a decree and judgment on the plaintiff's cause of action.

"IV. The court erred in approving the referee's report.

"V. The court erred because the decree and judgment are against the evidence.

"VI. The court erred because the decree and judgment are against the weight of the evidence.

"VII. The court erred because the decree and judgment are against the law.

"VIII. The court erred because the decree and judgment are not based on the evidence.

"IX. The court erred because the decree and judgment are not based on the facts, the evidence, the testimony and the law.

"X. The court erred because the decree and judgment are against the testimony and the evidence."

"Even if each of the above could be deemed sufficient as an assignment of error, it is apparent that each is too general to serve the purpose of a statement or specification of a point relied on within the meaning of our Rule 15, which requires a statement in numerical order of the points relied on in addition to an assignment of errors. And under the head of points and authorities appellant has merely submitted a numbered list of abstract statements of law or facts not shown to have any connection with errors alleged to have been committed by the trial court. This defect is not remedied elsewhere in the brief and such a submission is clearly in violation of our rules."

Again in the case of Scott v. Missouri Pacific Railroad Co., 333 Mo. 374, 62 S. W. (2d) 834, 840, we said:

"In appellant's printed argument complaint is made of plaintiffs' Instruction No. 10 on the measure of damages.

"In appellant's assignment of errors there appears a general assignment that the court erred in giving Instruction No. 10. on the part of plaintiff. No point is made against this instruction in appellant's points and authorities. Our Rule 15 provides, among other things, that appellant's brief shall distinctly allege the errors committed by the trial court, and shall contain, in addition thereto, a statement in numerical order of the points relied on, with citation of authorities thereunder. While the general assignment that the court erred in giving Instruction No. 10, is good as an assignment of error, but standing alone, it does not comply with our Rule 15, in that it does not distinctly allege what the vice in the instruction is nor the point on which appellant relies. Where, as in this case, the particular point relied on is not made in the 'assignment of errors.' nor in the 'points and authorities,' it will not be noticed in the printed argument, but will be treated as abandoned because not properly presented for review under our rules. [Moffett v.

Butler Mfg. Co. (Mo.), 46 S. W. (2d) 869, 873; Aulgur v. Strodt-man, 329 Mo. 738, 46 S. W. (2d) 172, 173; Burch v. Cleveland, C., C. & St. L. Ry. Co., 328 Mo. 59, 40 S. W. (2d) 688, 693.]"

While we dislike to dismiss an appeal in this or any other case, we must do so or ignore the positive mandate of our rules 15 and 16.

For reasons stated, the appeal in this case should be dismissed. It is so ordered.