FRANK X. HIEMENZ, Appellant v. JAMES P. HARPER et al.

In Banc, July 15, 1918.

1. **APPELLATE PRACTICE: Error Must Be Assigned.** Error must be assigned and shown before a reversal is warranted in a civil case.

2. ———: ———: **School Property: Special Tax Bill: Moral Obligation.** Plaintiff brought suit to enjoin a school board from ordering the the payment, out of school funds, of special tax bills, issued against

school property, in payment for a sewer. The trial court held school property was exempt, but refused to grant an injunction "on the ground that the board were acting in good faith and had the power to assume a moral obligation, notwithstanding the absence of legal liability." Plaintiff on appeal confines his assignment of error to the question whether special tax bills can be legally enforced against school property, and fails to assail the ruling on which the court rested its judgment. *Held*, that all that appellant urges may be conceded and yet the judgment rests upon the independent and only ground on which the court placed it, and there being no assignment that the court erred in resting it upon that ground, the judgment must be affirmed.

Appeal from St. Louis Circuit Court.—*Hon. Thomas C. Hennings*, Judge.

AFFIRMED.

*Frank X. Hiemenz* for appellant.

(1) Property of the Board of Education is not liable for the burden of special taxation for local public improvements, nor can it be sold on execution, general or special. State ex rel. v. Tiedemann, 69 Mo. 306; City of Clinton ex rel. v. Henry County, 115 Mo. 557; St. Louis v. Brown, 155 Mo. 545; Mullans v. Cemetery Association, 239 Mo. 689; Thogmart v. Nevada School District, 189 Mo. App. 10; Inhabitants of Worcester County v. Mayor, 116 Mass. 193; Trustees of Public School v. City of Trenton, 30 N. J. Eq. 681; Board of Improvement v. School District, 56 Ark. 354; City of Hartford v. West Middle District, 45 Conn. 462; City of Toledo v. Board of Education, 48 Ohio St. 85; Whittler v. Mission School District, 121 Cal. 350; Sutton v. City of Montpelier, 28 Ind. 315; City of Louisville v. Leathermann, 99 Ky. 213; Mayor v. Hamblen County, 188 S. W. (Tenn.) 796; Endlich on Interpretation of Statutes, (Ed. 1888), sec. 163, p. 225; Dillon on Municipal Corporations (5 Ed.), 2432. (2) The only remedy given for the collection for an assessment of special taxes is by means of the lien created upon the property and which can only be enforced by a sale of the property. The only action

maintainable is one on the special tax bill, to subject the property to the payment of the lien, and the amount of the bill can only be collected out of the property charged with the lien. It has no validity save as a lien on the land charged, and if there is no lien created or the lien is destroyed, no charge remains. St. Louis to use v. Allen, 53 Mo. 44; Carlin v. Cavender, 56 Mo. 286; St. Louis to use v. Bressler, 56 Mo. 350; Seibert v. Capp, 62 Mo. 182; Louisiana v. Mueller, 66 Mo. 467; Higgins v. Ausmuss, 77 Mo. 351.

*Chas. W. Bates* and *Daird Goldsmith, Amici Curiae.*

(1) · The present suit cannot be maintained, and this regardless of the merits of the claims on which it is based. Albright v. Fisher, 164 Mo. 56; Bradley v. Gilbert, 155 Ill. 154; People ex rel. v. Clark, 70 N. Y. 518; Berdan v. Sewerage Commissioners, 82 N. J. Eq. 236; Jackson v. Hoover, 76 N. J. Eq. 592; Bennings Case, 2 Bland's Rep. (Md.) 99; Stevens v. St. Mary's Training School, 144 Ill. 336; Linder v. Case, 46 Cal. 171; Merriam v. Board of Supervisors, 72 Cal. 517. (2) The property of the Board of Education, whether used for public schools exclusively or not so used, was liable to assessment to pay the cost of the construction of the sewer, said property being within the taxing district. Charter, City of St. Louis; Construction Co. v. Railroad, 206 Mo. 172; City of Chicago to use v. City of Chicago, 207 Ill. 45; In re Howard Ave., 44 Wash. 62; City of Kalispell v. School District, 122 Pac. 472; State ex inf. v. Vallins, 140 Mo. 523, 535; State v. Bengsch, 170 Mo. 114; Franklin Co. v. City of Ottawa, 49 Kans. 756. The Board of Education has the power to, and it is its duty to, pay the assessments in question, even though they are not legally enforcible. Hill v. St. Louis, 159 Mo. 159; Bailey v. Philadelphia, 167 Pa. St. 573; City of St. Louis v. Von Phul, 133 Mo. 566; Board of President and Directors of St. Louis Public Schools v. Wood, 77 Mo. 201; Barber Asphalt Pav. Co. v. St. Joseph, 183 Mo. 459;

Secs. 1391 and 1392, Revised Code of St. Louis; State ex rel. Crow v. St. Louis, 174 Mo. 125.

BLAIR, J.—Appellant and respondents (except Mason) constitute the Board of Education of the city of St. Louis. Mason is secretary and treasurer of the board. This suit was instituted to enjoin respondents from ordering the payment of special tax bills out of school funds. The tax bills were issued against school property in part payment of the construction of a sewer. This appeal is from a judgment dismissing appellant's bill. Several questions are discussed.

The trial court held school property was exempt, but, as appellant states, "refused to grant an injunction, on the ground that the majority of the Board of Education were acting in good faith and had the power to assume a moral obligation, notwithstanding the absence of legal liability." Appellant confines his assignments of error and his argument to the question. whether special tax bills legally can be enforced against school property. He neither discusses nor attacks the court's view that the Board of Education is authorized to pay on the theory that a moral obligation rests upon it. In other words, he confines his brief to a *support* of the court's finding that there was no legal obligation, and fails to assail the finding on which the court rested its judgment against him. All that appellant urges can be conceded and yet the judgment rests upon an independent ground—the only ground on which the court placed it. The court may have been right or wrong. No assignment or argument advanced by appellant asserts he was wrong. Error must be assigned and shown before a reversal is warranted in a civil case. This has not been done. Affirmed. All of the judges concur except *Woodson, J.,* who dissents.