MARTHA COE et al. v. LEE GREENLEY, Appellant.

Division Two, December 8, 1922.

1. **APPEAL: No Assignment of Errors.** Where appellant's brief contains no assignment of errors, either by formal assignment or by an assertion of error in his propositions of law, there is nothing for review on appeal.

2. ——: ——: **Record Entries.** Unless complaint is made in appellant's brief of record entries made by the trial court, they cannot be reviewed on appeal.

Appeal from Knox Circuit Court.—*Hon. James A. Cooley*, Judge.

DISMISSED.

*Stewart & Stewart* for appellant.

(1) This is in reality a suit in ejectment. The plaintiffs cannot recover except upon the recital in the deed conveying the land to defendant. The words of the recital leave a doubt as to what is conveyed by the deed. The failure to describe the half acre by metes and bounds does not act as a reservation. Where a doubt exists as to the estate, the deed conveying that doubt will be resolved against the grantor and in favor of the grantee. Grooms v. Morrison, 249 Mo. 544; Linville v. Greer, 165 Mo. 380. (2) To entitle plaintiffs to recover in this action the recital in the deed reserving one-half acre should have been as definite and descriptive as the law requires in a deed of conveyance. 24 Am. & Eng. Ency. Law (2 Ed.) p. 66. (3) Plaintiffs cannot recover the land sued for on the ground that defendant is estopped by the recital in the deed. To work an estoppel on defendant the recital must be particular, certain and unambiguous and not merely general. 24 Am. & Eng. Ency. Law (2 Ed.) 57.

*Campbell & Ellison* for respondents.

It is impossible for respondents' counsel to understand from appellant's brief what appellant claims the facts to be or the rules of law applicable thereto, or what appellant's theory is.

WALKER, J.—This is a case to quiet title to certain land in Knox County. It is brought to this court under what is termed in our practice a short form of transcript, which, as defined by the statute (Sec. 1479, R. S. 1919) means a certified copy of the judgment, together with the order granting the appeal. Upon the filing of this transcript, there was no compliance with the other requirements of the same section and of our rules numbered eleven, twelve and thirteen, requiring the filing of an abstract of the record to entitle the appellant to a review in this court. If it be contended that the

printed pamphlet of sixty-eight pages and more, filed by appellant, may be taken as and for the required abstract, it will suffice to say that it cannot be so considered. It contains neither a fair and concise statement of the facts, nor of the points relied upon for a reversal.

If it be further urged that this pamphlet, containing the pleadings, and the short form of transcript filed with the clerk, entitled the appellant to a review, the admission of this contention may be made with this limitation, that only so much of the record proper thus designated will be reviewed. [Coleman v. Roberts, 214 Mo. 634.] If, on the other hand, the pamphlet thus filed be held to be a complete transcript, this does dispense with the necessity of filing the required abstract. [Crothers v. LaForce, 241 Mo. 365.]

Another reason which precludes a review of this case is that there is no assignment of errors. [Hiemenz v. Harper, 275 Mo. 380; Johnston v. Ragan, 265 Mo. 420.]

Not only is there no formal assignment of errors, but there is no such a substantial compliance with this requirement by calling attention in the statement of the Points and Authorities to errors complained of. [St. Louis v. Railroad, 278 Mo. 209, and cases; Kirkland v. Bixby, 282 Mo. 465.]

The so-called statement in appellant's brief contains nothing more than a meagre presentation of the facts.

The brief discloses certain propositions of law, but nowhere, even impliedly, urges error in any rulings thereon. [Vahldick v. Vahldick, 264 Mo. 529; Rusch v. Valle, 237 S. W. (Mo.) 111.]

Concerning a review of certain record entries intimated to have been within our purview, it will be sufficient to say that no complaint is made in regard thereto.

Nowhere has the appellant put his finger upon and thus assigned the errors complained of which he desires reviewed.

The motion to dismiss the appeal is therefore sustained and it is so ordered. All concur.