PAUL PFOTENHAUER et ux., Appellants, v. J. R. RIDGWAY et al.

Division Two, April 9, 1925.

1. **APPEAL: Disregard of Rules.** To utterly ignore the plain rules of the court and the legislative requirements defining the duty of litigants seeking a review of a judgment against them rendered by the trial court, is ample to authorize a dismissal of their appeal. 307 Mo. Sup.—34.

Pfotenhauer v. Ridgway.

And dismissal is not harsh, because it is based wholly upon a record made by appellants, and a right to an appeal is wholly statutory.

2. ——: ——: **Assignment: Erroneous Judgment.** An assignment that the trial court erred in rendering judgment in favor of respondents is of itself too broad to merit consideration; and if it fails to point out what is relied upon as error, it amounts to no assignment at all.

3. ——: ——: ——: **Denial of Motion for New Trial.** An assignment that the trial court erred in denying appellant's motion for a new trial is too general. A motion for a new trial, if properly framed, may serve the purpose of a formal assignment of errors, but a general assignment that error was committed in overruling the motion adds nothing to its force or effectiveness, and does not merit consideration as an assignment.

4. ——: ——: ——: **Admission of Incompetent Evidence: Equity Suit.** An assignment in an equity case that the trial court erred in the admission of incompetent evidence complies with no rule or statute. In equity suits, where appellant brings up the entire record, the court sifts the testimony, and separates the competent from the incompetent, regardless of the rulings of the trial court thereon.

5. ——: ——: ——: **Statement, Points and Argument.** A "Statement, Brief and Argument," in which is set forth neither a clear and concise statement of the facts of the case, nor the points intended to be insisted upon in argument, nor a distinct allegation of errors committed by the trial court, do not comply with Rule 15 or with the statute (Sec. 1511, R. S. 1919); nor is an attempt to comply with these requirements under points and authorities, wherein is a commingling of statement of facts and a lengthy argument on the merits, with no concise statement of points relied on, sufficient.

6. **RESCISSION: Misrepresentations.** The testimony in this case is not of sufficient probative force to authorize the rescission of a contract and the cancellation of a mortgage on lots, on account of the fraud and misrepresentations of defendants.

7. **APPELLATE PRACTICE: Deference to Chancellor.** The findings of the trial chancellor in an equity case are not controlling on appeal, but nevertheless the appellate court, with reasonable prudence, defers to his findings, unless satisfied they are against the weight of the evidence.

Citations to Headnotes: 1 to 5, Appeal and Error, 3 C. J. 1495, 1542, 1540, 1519, 1584, 1585, 4 C. J. 2552; 6, Cancellation of Instruments, 9 C. J. 195; 7, Appeal and Error, 4 C. J. 2868.

Appeal from Jasper Circuit Court.—*Hon. Grant Emerson,* Judge.

Dismissed.

*Geo. J. Grayston* and *Chas. M. Grayston* for appellants.

(1)   The court erred in rendering judgment in favor of the defendants.   (2)   The court erred in overruling plaintiffs' motion for new trial.   (3)   The court erred in admitting the testimony of Harry S. Miller to the effect that plaintiffs had consulted him as an attorney for the purpose of drafting a new contract and in their conversations with him had stated in substance that they at that time knew that the facts had been misrepresented to them by the defendants as to the amount of business actually written by the defendants as agents for the association, and its earnings during the time of the defendants' ownership thereof, and as to all facts testified to by said witnesses tending to show information or knowledge of the fraud perpetrated upon them prior to the execution of the said second contract.

*Howard Gray, Norman A. Cox* and *Hugh Dabbs* for respondents.

Respondents move the court to dismiss the appeal. Appellants and appellants' counsel have failed in their brief filed to furnish the court with a fair and concise statement of the facts in the case as required by Sec. 1511, R. S. 1919, and as required by Rule 15 of this court.

WALKER, P. J.—This is a suit in equity to rescind a contract, and for a judgment against the respondents for certain money alleged to have been paid by the appellants to the respondents in consummation of the contract; and for the re-delivery by the respondents to appellants of a certain share of stock, and the cancellation

of a mortgage on certain lots in Baxter Springs, Kansas, made by the appellants to the respondents, and for an accounting.

After a hearing the court found the issues for the respondents and entered a judgment in their favor, whereupon the appellants filed an affidavit for an appeal to this court, which was granted.

In the orderly course of procedure the necessity of rules for the guidance of litigants seeking a review of cases in this court has long been recognized. More than fifty years ago the General Assembly, supplementing the inherent power of the court in this regard, enacted a statute (Sec. 38, Laws 1871, p. 50; now Secs. 1480 and 1481, R. S. 1919) declaratory of the authority of the Supreme Court to make and promulgate suitable rules and regulations deemed necessary in carrying into effect the provisions of the foregoing statute. Further than this a statute (Sec. 1511, R. S. 1919) provides that "on appeals and writs of error each party shall . . . make out and furnish the court with a clear and concise statement of the case and the points intended to be insisted on in argument."

The Supreme Court, in conformity with the legislative declaration of its power, among other mandatory requirements necessary to be complied with to authorize a review upon appeal or writ of error, has prescribed as a part of its Rule Fifteen that "The brief of appellant shall distinctly allege the errors committed by the trial court and shall contain, in addition thereto; (1) a fair and concise statement of the facts of the case without reiteration, statements of law or argument; (2) a statement in numerical order of the points relied on, with citation of authorities thereunder. . . . No brief or statement which violates this rule will be considered."

It is appropriate first to consider the sufficiency of appellants' formal assignments of error.

The first, that the court erred in rendering judgment in favor of the defendants, is too broad to entitle it to consideration. The purpose of an assignment is to point

out specifically what is relied on as error. A judicial recognition of an error couched in the language of the foregoing would render it the duty of the appellate court to sift the record to determine the merit of an assignment—a task it is not incumbent upon it to perform.

The second assignment, that the court erred in denying the motion for a new trial, is likewise too general to be available as a ground of error. While the motion for a new trial if properly framed may, as we have frequently ruled, serve the purpose of a formal assignment of errors, a general assignment that error was committed in the overruling of the motion adds nothing to its force or effectiveness and does not merit consideration as a formal assignment. In harmony with this reasoning it has been held in another jurisdiction that an assignment of error based on the overruling of a motion will not be noticed where the court's action thereon is otherwise apparent of record, as in the case at bar. [Santo v. State, 2 Iowa, 165, 63 Am. Dec. 487.]

The third assignment is based upon error alleged to have been committed in the admission by the trial court of incompetent testimony. An assignment of this character in an equity case complies with no statute or rule of court; it tends to preserve no right of the appellant, nor to emphasize a duty incumbent on the court. It is a familiar rule of procedure in equity cases that where an appellant brings up the entire record the appellate court will sift the testimony and separate the competent from the incompetent, regardless of the rulings of the trial court thereon. [Rinkel v. Lubke, 246 Mo. 377; Hiemenz v. Harper, 275 Mo. 380; Griffin v. Nicholas, 224 Mo. 275.] This assignment therefore answers no necessary or useful purpose and is superfluous.

There is lacking, therefore, from the record such a collective assignment of errors as will authorize a review of the case, unless, as we have indicated, the appellants in their required statement of Points and Authorities have clearly indicated the errors on which they rely to secure a reversal. [Coe v. Greenley, 295 Mo. 664, and

cases p. 666; Vahldick v. Vahldick, 264 Mo. 529, and cases p. 532.] In the absence of these nothing is left for our consideration.

An examination of what the appellants term their "Statement, Brief and Argument," while containing a portion entitled "Points and Authorities," is found, upon an examination, to embody none of the essentials to entitle it to that designation. It is neither a clear and concise statement of the facts of the case and the points intended to be insisted on in argument as required by the statute (Sec. 1511, supra), nor does it contain a brief in which the appellants distinctly allege the errors committed by the trial court, and, in addition, present a fair and concise statement of the facts without reiteration, statements of law or argument; nor a statement in numerical order of the points relied upon with citation of authorities thereunder, as plainly required by Rule Fifteen of this court. In lieu of any attempt to comply with these requirements there is presented, under the heading of Points and Authorities, a reiteration of ' the facts which had theretofore been set forth in appellants' Statement; a presentation of the reasons at length for the trial court's equitable cognizance of the case; and a lengthy argument on the merits.

The condition of this record, therefore, is such that we are not called upon or required to search with painstaking particularity to determine whether error authorizing a reversal had been committed. The legislative and judicial requirements defining the duty of litigants seeking a review of cases in this court are plain, simple and easy of compliance. To ignore them utterly, as has been done in this case, is inexcusable. The reasons, therefore, are ample to authorize a dismissal of this appeal.

The right and the duty of this court to dismiss this appeal cannot be held to operate harshly, because the grounds therefor are based wholly upon the record as made by the appellants. While the law grants the right of a review to litigants in cases determined in the trial

courts, as a condition precedent to the exercise of that right they are required to conform to the statute and the rules of the court regulating the same. Expressed differently, the right being wholly statutory, a compliance with its mandatory conditions is an essential requisite to its exercise.

However, not content with a summary disposal of the case, we have, with some degree of care, examined the testimony. This we have done upon the presumption that the so-called "Abstract of the Record" preserves and presents all of the evidence. Otherwise in a case of the character under review this examination would be unauthorized. [Huggins v. Hill, 236 S. W. (Mo.) 1051; Ford v. Laughlin, 285 Mo. 533; State ex rel. Guinan v. Jarrott, 183 Mo. 1. c. 217.]

Acting upon the foregoing presumption we have examined the record with a view to determining if the issues pleaded by the appellants are sustained by the evidence. These issues summarized are as follows:

1. That respondents misrepresented the purchase price paid by them to one Schwartz for the agency.

2. That respondents fraudulently represented that they had earned and received as commissions and profits from the agency $12,608.01 in eleven months.

3. The respondents misrepresented their reason for selling the agency.

4. That respondents made this contract of sale with the intention to and did solicit away appellant's business.

It is enough to say that the first issue pleaded is not supported by the testimony.

The second issue is contradicted by the testimony of the appellants themselves.

The third issue, instead of sustaining the appellants' pleading in reference thereto, tends more strongly to prove the truth of respondents' testimony in regard to their reasons for selling the agency.

The fourth issue is contradicted by a number of witnesses whose testimony is neither referred to nor discussed in appellants' statement.

A summary of our conclusions in regard to the probative force of all of the testimony is that it does not present such clear, cogent and convincing proof of the frauds charged as to leave no room for reasonable doubt in the chancellor's mind as to its existence. The trial court so found. While not controlled by, we defer, with reasonable prudence, to the findings of fact of the trial court in equity cases, unless we are satisfied that court's findings are against the weight of the evidence. We do not so find. If, therefore, the record had been so prepared and presented as to authorize a determination of this case on the merits, we would feel impelled to follow the findings of the chancellor below and decree the issues in favor of the respondents. [Carpenter v. Kendrick, 252 S. W. (Mo.) l. c. 651; Bourg v. Mfgrs' Ry. Co., 245 S. W. (Mo.) l. c. 44 and cases; Davies v. Keiser, 246 S. W. (Mo.) 897; Williamson v. Frazee, 294 Mo. 320.]

In view of the condition of the record, however, and in conformity with the usual and authorized procedure, the appeal in this case should be dismissed.

It is so ordered. All concur.