LUCILLE CUNNINGHAM, DEFENDANT IN ERROR, v. KANSAS CITY, MISSOURI, PLAINTIFF IN ERROR.—38 S. W. (2d) 734.

Kansas City Court of Appeals. May 4, 1931.

1064

 

*W. W. McCandless* for defendant in error.

*George Kingsley, Marcy K. Brown, Jr.,* and *Arthur R. Wolfe* for plaintiff in error.

CAMPBELL, C.—We will speak of the parties, plaintiff and defendants, as they appeared in the trial court. Plaintiff brought suit against Kansas City, Missouri, Charles Weil and Marcel Weil, to recover damages alleged to have been sustained by her as the result of a fall upon a sidewalk.

Upon trial, the court, at the close of plaintiff's case in chief, sustained the separate demurrers of the defendants, Weil and Weil. The defendant city requested the court to not sustain said demurrers, saying that the city ought to have opportunity to develop its evidence as against its co-defendants. But, as stated, the court sustained the demurrers and the defendant city saved exception thereto. The trial progressed against the remaining defendant resulting in a judgment against it and in favor of plaintiff in the sum of $2500. The defendant city timely filed motion for new trial which was overruled. Thereafter said defendant sued out a writ of error to review the judgment.

The petition is not assailed.

Defendant city does not contend that the case should not have been submitted to the jury nor is complaint made of plaintiff's instructions. Further statement is therefore unnecessary. Defendant assigns it was error to sustain the separate demurrers of defendants, Weil and Weil. It is not in position to complain of the action of the court in that respect. A proceeding by writ of error is a new suit, not the continuation of the suit. [Macklin v. Allenberg,

100 Mo. 337, 135 S. W. 350.] When a writ of error is sued out, notice thereof must be timely served on the parties whose rights may be affected thereby. [Section 1051, Revised Statutes 1929.] The notice is the equivalent of process. Notice of the issuance of the writ has not been served on either of the defendants, Weil and Weil. Neither have they been served with a copy of defendants abstract or brief. The judgment in their behalf, which is final in so far as this proceeding is concerned, is a valuable right which cannot be taken from them without notice and opportunity to be heard. Obviously we could not set aside the judgment as to them when they are not before the court and have not been given opportunity to be heard. From aught that appears in the record they are not aware of the pendency of this action.

The second assignment of error is that "plaintiff's counsel was erroneously permitted to prejudice the jury by use of a deceptive paragraph, marked Plaintiff's Exhibit 2." The exhibit was shown to the jury but is not contained in the record. The question whether the photograph was correct was for the jury and they evidently did not believe it was deceptive. The assignment is without merit.

The third assignment is that the verdict is excessive. We do not find it so.

Two bones of plaintiff's left foot were broken; the ankle twisted; her knee injured; and at the time of the trial she walked with a decided limp and with great pain. Expert testimony is that the knee joint and lower part of the leg and foot were swollen, very tender and painful and that there was a fracture around the tarsal bone above the joint; that the injury was permanent. True, there was evidence to the contrary but the conflict was for the jury and not for the court. The trial court approved the verdict and we refuse to interfere. [Dietderick v. Missouri Iron & Metal Company, 9 S. W. (2d) 824.]

The remaining assignment of error is that the court erred in overruling defendant's motion for new trial and in arrest of judgment. That assignment presents nothing for review. [Pfotenhauer v. Ridgway, 307 Mo. 529, 271 S. W. 50.] The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.